JUDGE COFER
delivered the opinion of the court.
This was an action brought by the executors of William E. Erazer to have his will construed.
The ninth clause of the will reads as follows :
“ If my sister, Ermine C. Page, after the death of her hus *207 band, George M. Page, becomes reconciled to my and her brother, Thomas H. Frazer, and his and her sisters within one year after the death of said George M. Page, my executors arfe directed to pay over to her one equal sixth part of my estate, but if she is not so reconciled within that period, then that sixth part allowed for Ermine is to pass to my other sisters, my brother, Thomas H. Frazer, and Laura Wheat, to be held and go in all respects as the portions respectively given them in this instrument,......It is my intention to dispose of my whole estate by this will, whether it consists of real estate, slaves, or personal estate, debts, or choses in action, and all rights of property, and I think the words employed are sufficient to pass it all to my legatees.”
A codicil to the will is in these words: ■
“ A conditional devise is contained in my said will in favor of my sister, Ermine C. Page. It is now my will, in case said Ermine should die before her husband, George M. Page, that her children shall have the privilege of receiving the portion intended for her by said will, provided they shall become friendly with and reconciled to my brother Thomas H. Frazer, and my sisters who may be then living, within one year after the death of said George M. Page. I now declare it to be my will that neither my sister Ermine or her children shall have any part of my estate in the lifetime of said George M. Page, and not until one year after said George’s death and then, only in case of the reconciliation and amity before spoken of, and should not such reconciliation and amity take place, the part intended for Ermine or her children to go to my other devisees, as is directed in my said will, and to be held under its provisions and upon its terms, and in no event is said part to pass from my estate or be paid out of it until the general division, which is to take place agreeable to the provisions of my said will.”
The mother of the- testator is dead, and Mrs. Page and her husband, George M. Page, are both living.
*208 The circuit court adjudged that the devise to Mrs. Page and that to her children in case of her death before her husband were void, because of the impossibility of ascertaining judicially whether the condition on which the devises are dependent has been performed, and the court also adjudged that the one sixth part attempted to be thus conditionally devised to Mrs. Page or her children passed under the will to the other devisees.
The devise is upon a condition precedent. In such a case the devisee claiming the devise must show that the condition has been performed. Until performance there is no devise, and if a condition be such that performance can not be established, because from the nature of the condition it is impossible to ascertain judicially that it has been performed, it would seem that the devise must fail.
But such is not the case here. The condition is that Mrs. Page, or, in case of her death before her husband, her children shall become reconciled to the brother and sisters of the testator within one year after the death of her husband.
No doubt the testator intended a real, and not a simulated reconciliation, and it may be, if it were claimed that there had been such reconciliation, the court might mistake a reconciliation which was simulated for the sole purpose of getting the devised estate for that real, hearty reconciliation intended by the testator. But this does not render the devise void. There might be mistake in ascertaining the performance of almost any condition, proof of which depends on human testimony. If the usual outward manifestations of friendship and amity were shown to exist, the chancellor would be authorized to decide judicially that a reconciliation had taken place. The evidence might be such that it would be extremely difficult to decide whether there had been a reconciliation or not, but this difficulty is often experienced in deciding any kind of question of fact.
*209 If, however, there was a preponderance of evidence in favor of the conclusion that a reconciliation had taken place, it is not perceived why the chancellor should not so decide; and if, on the other hand, the evidence, was so in equipoise that it would be impossible to say on which side it preponderated, the devisee having the affirmative of the issue would fail, just as in any other case.
And it may also be true that the brother and sisters of Mrs. Page are unwilling to come upon terms of amity and reconciliation with her, and that they will be unwilling to come upon such terms with her children if she should not survive her husband, and by their own conduct prevent the performance of the condition upon which the devise is made to depend.
But the devise can not be defeated in that way. The testator evidently felt that Mrs. Page was responsible for her estrangement from her family, and that it was her duty to become reconciled to them. His object was to restore fraternal relations between his brother and sisters, and if Mrs. Page, or her children, in case of her death during the lifetime of her husband, shall within one year after the death of George M. Page, make advances in good faith to her brother and sisters for reconciliation, it will then become their duty, under the will, to receive those advances in the same good faith, and to re-establish that friendly and fraternal relation the testator so much desired. And if they shall so act as to prevent the accomplishment of his will in that respect, the offer to perform and the rejection or defeat of that offer by the brother and sisters, or such- of them as may then be living, will be equivalent to performance, and the devise will vest.
But by the express provisions of the will, Mrs. Page has one year after her husband’s death to effect the required reconciliation ; and in case of her death during the life of her husband her children are entitled to the same time.
*210 We perceive no ground for holding the devise void, “ because it is not required to vest within the time required by law.”
It must vest within one year after the termination of the life of George M. Page, a life now in being, whereas the limitation by the statute is “ a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter.” (Sec. 27, art. 1, chap. 63, Gen. Stat.)
We are therefore of the opinion that the court erred in adjudging the devise void.
The judgment is reversed, and the cause remanded with directions to appoint a trustee, in accordance with the prayer of the petition, to hold the estate embraced by the devise until the time when, according to the terms of the will and codicil, the condition, upon which it is given, should be performed, and then" to adjudge it to whoever shall, according to the principles of this opinion, be entitled to it.