# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF ERRORS

### OF THE

# STATE OF CONNECTICUT.

CLINTON BARNUM SEELEY *vs.* WILLIAM B. HINCKS ET AL.,
EXECUTORS.

Third Judicial District, Bridgeport, April Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The testator, who had acquired a wide reputation as a showman, desired
to make the plaintiff, his grandson, his business successor; but was
unable to accomplish it during his lifetime owing to the determined
opposition of his partner. By the articles of copartnership the death
of either partner was not to cause a dissolution of the partnership, but
the show business was to be continued by the survivor and the ex-
ecutors of the estate of the deceased partner. In a codicil to his will
the testator authorized and directed his executors to pay the plaintiff
annually a certain percentage of the estate's share of the net profits of
the shows, if he "shall faithfully devote so much of his personal at-
tention to the interests of such shows, and of my estate in general,
and render such services for the same as shall sufficiently satisfy"
three persons named, "or a majority of them, that he is entitled to it."
Shortly after the testator's death in April, 1891, the plaintiff tendered
his services to the executors but they then refused, and have always
refused, to give the plaintiff any employment, or accept any services
from him, either with the shows or for the estate in general; and the
plaintiff, for that reason only, rendered no services. No cause for this
refusal was shown except the continued opposition of the surviving
partner. It did not appear but that the plaintiff was as competent to
work for the shows and for the estate in general, as he was when he
performed services in the testator's lifetime. After the lapse of a year
the plaintiff demanded the amount claimed by him to be due under the
terms of the codicil, payment of which was refused by the executors

until they should receive the certificate of the three persons named, as provided for in the codicil; this the persons named declined to give because the plaintiff had not in fact rendered any services.   In an action brought to recover the percentage specified in the codicil it was *held :*—

1. That in view of all the facts and circumstances under which the codicil was made, as shown by the record, it was the intent of the testator that if the plaintiff was ready, willing and reasonably capable of doing, and offered to do, what the codicil required of him, but was prevented from so doing by the executors, this should be accounted to him as performance, and place him just where actual performance of the condition on his part would have placed him.

2. That under the circumstances it became the duty of the three persons named or a majority of them, to take the action prescribed by the codicil, prescisely as if the plaintiff had actually rendered during said year the best services he was capable of rendering.

3. That a certificate by said persons to the effect that the plaintiff had not satisfied them or a majority of them that he was entitled to the money, which was based upon their mistaken conclusion that the plaintiff must actually perform satisfactory services in order to require favorable action at their hands, could not, under the circumstances, properly be regarded as of any validity.

(Argued April 18th—decided September 1st, 1894.)

ACTION for an accounting and the recovery of a legacy alleged to be payable from the estate of the late Phineas T. Barnum ; brought to the Superior Court in Fairfield County and tried to the court, *Ralph Wheeler, J. ;* facts found and case reserved for the advice of this court.

The case is sufficiently stated in the opinion.

*Goodwin Stoddard* and *William D. Bishop, Jr.,* for the appellant.

I. The construction of this will should incline in favor of the legatee, and technical rules must never be applied so as to defeat the plain and manifest intention of the testator. *Miller* v. *Miller,* 17 Ore., 423 ; *Jerome* v. *Ortman,* 66 Mich., 668 ; *Witt* v. *St. Paul, etc.,* 38 Minn., 122 ; *Newkerk* v. *Newkerk,* 2 Caines, 351.

The intent of the testator derived from the will and circumstances as developed will govern, and when that intent is discovered, all rules of construction yield to it.   *Bowles* v. *Smith,* 39 Conn., 219 ; *Alsop* v. *Russell,* 38 id., 99 ; *Saunders* v. *Matthews,* 11 id., 144 ; *Cureton* v. *Massey,* 94

Am. Dec., 153, and note, p. 155; *Post* v. *Neil*, (N. Y.) 12 Am. St. Rep., 809, and note, 818.

The courts have generally manifested a disposition so to construe the language of devises and legacies as to favor the vesting of all estates attempted to be created. *McCarthy* v. *Fish*, 87 Mich., 55; *Eldridge* v. *Eldridge*, 9 Cush., 516; *Dingley* v. *Dingley*, 5 Mass., 537; *Smith's Appeal*, 23 Pa. St., 9; *Letchworthy's Appeal*, 30 id., 175; *Childs* v. *Russell*, 11 Metc., 16; *Toms* v. *Williams*, 41 Mich., 552.

Courts lean towards vesting and seek to find the earliest date at which persons interested may take a vested interest. *Re Wood, More* v. *Bailey*, 43 L. T., 730; 29 W. R., 171; Chitty, Eq. Digest, pp. 78, 368; 2 Jarman on Wills, 406–799 and notes; 2 Redfield on Wills, Chap. 2, note 16, subdivision *page 624; *Johnes* v. *Beers*, 57 Conn., 295.

II. This legacy is upon a condition subsequent, and vests immediately at the death of the testator. The gift is absolute in the first place. The condition is annexed to the payment and not the gift. *Culin's Appeal*, 20 Pa. St., 245. Where there is a general devise in words importing a present interest in a will making no other disposition of the property, or a condition that may be performed at any time, the condition is subsequent. Williams on Executors, foot page 1258, note; *Newkerk* v. *Newkerk*, 2 Caines, 351; *Nunnery* v. *Carter*, 5 Jones, Eq. (N. C.), 370; *Merrill* v. *Emery*, 10 Pick., 511; *Parker* v. *Parker*, 123 Mass., 586; *Tappan's Appeal*, 52 Conn., 419.

If then, the legacy is on condition subsequent and its performance become impossible, the title vests in the legatee at once. Roper on Legacies, Vol. I., pp. 505, 506; *Carter* v. *Carter*, 39 Ala., 579; 2 Jarman on Wills, p. 524, note 11, Randolph & Talcott Edition, where many authorities are collected; *Waters* v. *Tazewell*, 9 Md., 309; *Morley* v. *Reynoldson*, 2 Hare, 570–579; *McNeeley* v. *McNeeley*, 82 N. C., 186; *Merriam* v. *Wolcott*, 61 How. Pr., 377; *Culin's Appeal*, 20 Pa. St., 243; *Finley* v. *King's Lessee*, 3 Peters, 346; *Martin* v. *Ballou*, 13 Barb., 120.

III. A corrupt or unreasonable neglect or refusal by this

board to express their satisfaction with the conduct of the plaintiff may be controlled by a court of equity. 2 Jarman on Wills, Randolph & Talcott's Ed. pp. 576–77; Williams on Executors, p. 1280; 18 Am. & Eng. Enc. Law, p. 920.

IV. The defendants' contention that the plaintiff must satisfy Thompson, Fish and Bowser "that he is entitled to" this legacy, in the broad sense of the term in which the defendants use it, that is, that the plaintiff has rendered commensurate benefit to the estate and that it is purely optional with the board whether the plaintiff can ever entitle himself to this legacy, regardless of his efforts and good faith, makes the condition repugnant to the whole scheme of the testator's will, uncertain and unreasonable, and therefore absolutely nugatory. *Newkerk* v. *Newkerk*, 2 Caines, 353–54; *United States* v. *Arredondo*, 6 Peters, 745–46. It is an accepted rule that effect shall be given to a clear general intent in preference to a particular intent. *Stallsworth* v. *Stallsworth*, 5 Ala., 143; *Thrasher* v. *Ingram*, 32 Ala., 645; *Robert* v. *West*, 15 Ga., 122; *Addie* v. *Cornwell*, 3 Mon., 279; *Chase* v. *Cockerman*, 11 Gil. & J., 185; *Cook* v. *Holmes*, 11 Mass., 528; *Watson* v. *Blackwood*, 50 Miss., 15; *Happock* v. *Tucker*, 1 Hun, 132; *Earl* v. *Grim*, 1 Johns. Chan., 494; *Parks* v. *Parks*, 9 Paige, 107; *Kane* v. *Astor*, 5 Sandf., 467; *Barheydt* v. *Barheydt*, 20 Wend., 576; *Hitchcock* v. *Hitchcock*, 35 Pa. St., 392; *Schott's Est.*, 78 Pa. St., 40; *Jones' Appeal*, 3 Grant's Cas., 169; *Bell* v. *Humphrey*, 8 W. Va., 1.

*Curtis Thompson*, for the defendants.

I. The alleged legacy is upon conditions, which must be strictly, literally and punctually performed, before the executors are authorized to pay the plaintiff, and before any right to payment vests in the plaintiff. Kent's Com., Vol. IV., 125; 6 Amer. and Eng. Ency., 901; *Marston* v. *Marston*, 47 Me., 495; *Eichelberger Estate*, 135 Pa. St., 171; *Blean* v. *Messenger*, 33 N. J. L., 505; *Ely* v. *Ely*, 20 id., 43; *Reynolds* v. *Denman*, 20 id., 218; *Davis* v. *Angel*, 31 Bea., 223; *Caw* v. *Robertson*, 5 N. Y., 134; *Campbell* v. *McDonald*, 10 Watts, 184; *Burgess* v. *Robinson*, 3 Mer. C. R., 9; *Nevins*

v. *Gourley*, 95 Ill., 213 ; *Mizell* v. *Burnett*, 4 Jones L. (N. C.), 249 ; *Wheeler* v. *Walker*, 2 Conn., 199 ; *Jacobs* v. *Bradley*, 36 id., 365 ; *Adams* v. *Spalding*, 12 id., 350.

II. A testator may confer on executors and on others absolute power of appointment and disposition over his property, and may annex conditions and qualifications to his bequests not repugnant to law and good policy. And the testator in this article has most clearly stated and emphatically repeated, that the plaintiff shall submit to the decision of a tribunal created by the testator himself. *Wait* v. *Huntington*, 40 Conn., 11 ; *Rowan* v. *Sharps Co.*, 31 id., 22 ; *Bristol* v. *Bristol*, 53 id., 242. The plaintiff cannot ignore these conditions. They must mean something. " All the words of the will are to be taken into view and not a part of them alone." *Allyn* v. *Mather*, 9 Conn., 125. " All parts of the will must, if possible, be allowed to have full effect." *Gold* v. *Judson*, 21 Conn., 625. We submit that the testator has made the payment to the plaintiff conditioned on the plaintiff and the judges complying with such provisions. " We need not speculate as to his object in doing this, he has not stated it, and we have no concern with his motive. It is enough for us to know that such interest was lawful, and not being in conflict with any law or rule of public policy must be sustained." *Eichelberger Estate*, 135 Pa. St., 172.

It is not enough to say that the domestic tribunal ought to have been satisfied that the plaintiff " was entitled " to the legacy, and that their dissatisfaction is unreasonable. The conditions are not that they ought to be satisfied, but that they must be satisfied, with it. Such are the plain conditions P. T. Barnum made and they must be complied with. *Zaleski* v. *Clark*, 44 Conn., 223 ; *Brown* v. *Foster*, 113 Mass., 136 ; *Smith* v. *Briggs*, 3 Denio, 73.

III. The executors properly discharged their duties in refusing to give employment to the plaintiff, " for the reasons and under the circumstances as set forth " in the record. In face of the determined opposition of Mr. Bailey, and the possible loss of large profits to the estate, it would have been

wrong for them to have forced the plaintiff into the show. It was best for all concerned that the executors acted in the premises the same as the testator had acted in his lifetime.

IV. The plaintiff is not entitled to the relief sought. Such relief is in the nature of a writ of mandamus, and the complaint has not the form and substance required in such a writ. General Statutes, §§ 1294, 1295. Mandamus will not lie against a private citizen. *State* v. *Powers*, 14 Ga., 388; *Tobey* v. *Hakes*, 54 Conn., 274. No request to perform such duty and a refusal to act, is alleged in the complaint, nor was it in fact made. *Douglas* v. *Chatham*, 41 Conn., 237. No right exists to prescribe the mode of the exercise of such discretionary power, as called for in such claim. *Seymour* v. *Ely*, 37 Conn., 106–07. The writ of mandamus only lies to enforce a plain positive duty upon the relation of one who has a clear legal right to have it performed. *State* v. *N. H. & N. Co.*, 45 Conn., 343. This claim for relief is unknown to the law or in equity. It does not seek to move them to act. Indeed the judges have acted already.

If this sum is due and payable, the plaintiff can bring an action at law to recover it. The facts do not justify the interference of a court of equity. The executors have no discretion. They can only pay when the judges decide that the plaintiff is entitled to be paid. The judges are given judicial powers and cannot be compelled to decide for or against the plaintiff. Equity cannot compel the executors or judges to act inequitably.

TORRANCE, J. This action is brought to recover money claimed to be due under the second article of a certain codicil to the will of the late Phineas T. Barnum, dated September 24th, 1890, which reads as follows: "It is my will and I hereby authorize and direct my executors to pay to my eldest grandson, Clinton Barnum Seeley, three per cent of the net profits on the share of my estate annually in such shows, which my estate shall have an interest in after my decease, if said Clinton Barnum Seeley shall faithfully devote so much of his personal attention to the interests of such

shows, and of my estate in general, and render such services for the same as shall sufficiently satisfy my daughter, Caroline C. Thompson, Benjamin Fish, and Henry E. Bowser, or a majority of them, that he is entitled to it; but if the said three per cent amounts to ten thousand dollars or more a year then no larger sum than ten thousand dollars a year shall be paid to him, and the excess shall belong to my estate, and I guarantee that said three per cent thereof will amount to as much as five thousand dollars a year; and if the sum does not, then I direct and authorize my executors to pay to him so much as will make up the sum of five thousand dollars a year, so long as he shall render such services satisfactorily as aforesaid."

Mr. Barnum died in April, 1891, and since his death his estate has continued the partnership theretofore existing between himself and James A. Bailey in the business mentioned in the above extract from the codicil as the "show."

This suit is brought by the plaintiff as beneficiary under said codicil for the percentage of net profits which he claims to be due to him under said codicil for the year ensuing the death of Mr. Barnum. In his complaint he demanded an accounting for such profits, but on the trial below this claim was not pressed. It is conceded by all concerned, that if anything is to be paid to the plaintiff under said codicil in this suit, the sum to be so paid is five thousand dollars.

The court below made a finding of facts and reserved for the advice of this court the question what judgment shall be rendered thereon. The following is a statement of the substance of the main material facts so found :—

The plaintiff, now about twenty-seven years of age, is the eldest grandson of the testator and possessed in a high degree the affection of his grandfather. Mr. Barnum, who had no son of his own, desired to make the plaintiff his successor both in name and in the management of the show business. In pursuance of this purpose, which he cherished very strongly, the testator attempted more than once to procure for the plaintiff an interest in the copartnership of Barnum and Bailey, but owing to the determined opposition

of Mr. Bailey, who was the, active manager of the business, was unable to accomplish it. Sometime in the forepart of 1890, after these efforts to get the plaintiff into the copartnership had failed, Mr. Barnum prepared a rough draft for a codicil to his will substantially the same as the codicil which he subsequently executed and under which this claim is now made. This draft he read to the plaintiff some time before he executed the codicil of September 24th, 1890. At the time the testator died, in April, 1891, the shows had started out for the season of 1891, and had been exhibiting for some weeks.

On the 7th of May, 1891, the plaintiff both verbally and in writing tendered his services to the executors of Mr. Barnum, and to the persons named in said codicil to the satisfaction of whom he was to render the services therein provided for. In his written tender he said : " I beg to notify you I am willing to render the estate such services as may be required of me, and I hereby tender to you as executors of said estate, my services and personal attention to the interest of said shows, and to said estate generally, as may be reasonably required of me." The finding then proceeds as follows :—

" The executors had, prior to such tender, determined to refuse to give the plaintiff any employment whatever, which decision they communicated to him through executor Fish, but not until after said tender had been made. Said executors have never changed their minds in this regard, but have at all times absolutely refused, and still refuse to give the plaintiff any employment or accept any services from him either with said shows or for Mr. Barnum's estate in general, and for that reason the plaintiff has rendered no such services. * * * The executors judged it for the interest of the show not to antagonize Mr. Bailey, and of the estate not to employ the plaintiff in any position then held by another, and not to pay him the sum mentioned in the will." In view of the plaintiff's age and increased experience, the court finds there was " no evidence to show that he was not at least as competent to work for the show, or the estate in general,

at the time he tendered his services to the executors as during the period of his services to Mr. Barnum." No reason is found why he might not have been helpfully associated with the executors in the management of the estate to some extent, or been employed as special agent with the show "unless it was that Mr. Bailey may have done the estate some damage in consequence." Mr. Bailey's opposition to the plaintiff going with the show was as pronounced after as before Mr. Barnum's death, and he so informed the executors before the plaintiff tendered his services to them.

On the 14th of April, 1892, the plaintiff by letter made demand upon the executors for the moneys which he claimed to be due to him under said codicil. To this demand the executors replied in writing to the effect that when they received from the plaintiff a certificate signed by Mrs. Thompson and Messrs. Fish and Bowser, or a majority of them, that plaintiff had performed the services required under the codicil, they would pay the money. Nothing has ever been paid to the plaintiff under said codicil. It is found that the only reason why the executors did not pay the plaintiff was that they failed to receive such a certificate as they called for in the above letter; the only reason why said certificate was not furnished was that the plaintiff had rendered no services for the show or the estate; and the only reason the plaintiff rendered no such services was because of the refusal of the executors to give him employment or to accept his services.

Upon even a cursory examination of the clause in the codicil upon which the plaintiff bases his claim, it seems quite clear that whatever gift or benefit is thereby conferred upon him is conferred upon at least two conditions. One of these is that he shall faithfully devote his personal attention to the interest of the shows and of the estate in general and render services for the same; and the other is that such personal attention and such services "shall sufficiently satisfy" the persons named, or a majority of them, that he is entitled to the money.

The plaintiff contends that these are conditions subsequent, but we think it is quite clear that they are conditions

precedent. " It seems to be agreed, that in regard to all conditions, whether in a deed or will or in simple contracts, where the condition is in the nature of a consideration for the concession, its performance will be regarded as intended to precede the vesting of any right, and so a condition precedent." Redfield, Law of Wills, Vol. II., *283. Here in this codicil what is required of the plaintiff is clearly, to some extent at least, in the nature of a consideration for the money to be paid. There is no present gift of the money subject to be divested upon failure to do what is required of him to the satisfaction of the persons named. The operative words used to confer the benefit are not " give " or " bequeath," or other equivalent words importing a present gift ; indeed the testator does not in form at least make a gift at all ; he merely authorizes and directs his executors to pay the money, if the plaintiff shall, by doing what is required of him in the mode prescribed and to the satisfaction of the persons named, entitle himself to it. The codicil provides that the payment shall not be made—the money shall not be due—unless and until the plaintiff shall have previously done the prescribed things, and the persons named shall have in some way expressed themselves as satisfied that he is on that account entitled to it. He is to be " entitled " to the money by what he does, if it shall " sufficiently satisfy " those persons. His acquisition of the money, and not his retention of it, is made to depend on the fulfillment of the conditions. Construing this clause of the codicil as a whole, it seems manifest that the conditions in question are precedent and not subsequent; and consequently the plaintiff takes nothing under its provisions unless and until the conditions are fulfilled, or that has been done which in law, or within the expressed intent of the testator, is equivalent thereto.

It seems equally clear that the condition to devote his attention and render services, which is imposed on the plaintiff, must be fulfilled in and during each year, to entitle the plaintiff to the money for each year. The payments are to be made annually, and this condition must be fulfilled annually

and during the year for which payment is claimed. The fulfillment of this condition by the plaintiff for and during one year will not avail him for the next year. In the present case the plaintiff is seeking to recover the money for the year ensuing the testator's death. To entitle him to recover he must show performance of the conditions or that which in law, or within the intent of the testator, is equivalent to performance for that year.

The executors contend that nothing but the strict, literal fulfillment of these conditions can avail the plaintiff ; and that as this, at least for the year for which he now seeks to recover, has become impossible, he cannot succeed in the present action. It is doubtless true as a general rule that before a gift or legacy made upon condition precedent will take effect, the condition must be performed or fulfilled ; and the fact that the beneficiary in such cases is not at fault will in general make no difference. Redfield on Wills, 3d Ed., Vol. II., 284; Woerner's Am. Law of Adm., Vol. II., 953 ; *Johnson* v. *Warren,* 74 Mich. 491. This rule however is not without its exceptions. Thus " where a condition precedent is originally impossible, or is made so by the act or default of the testator, or is illegal as involving *malum prohibitum,* the bequest is absolute just as if the condition had been subsequent." Jarman on Wills, (6 Am. Ed.,) Vol. II., 15. Another exception exists where a testator confers a benefit upon a condition to be performed to or for the benefit of his estate, or to or in favor of some third party, and in his will he manifests an intent to dispense with its performance when that is prevented by those having charge of his estate or by such third party. *Page* v. *Frazier's Executors,* 14 Bush, 205. In such cases, though the condition is not performed, the benefit takes effect, because such is the intent of the testator. From the record in the case at bar it is tolerably clear that the action of the executors, in refusing to employ the plaintiff or to accept his services on behalf of the show or the estate in general, when tendered, is the sole cause of the non-fulfillment of the condition to be performed by the plaintiff. He was presumably capable of rendering

services as valuable to the shows and to the estate in general as during the period of his services to Mr. Barnum, and he was ready and willing and offered to perform them.    Under these circumstances, if it was the duty of the executors to employ the plaintiff or to accept his services when tendered, it is not too much to say that their conduct prevented the fulfillment of the conditions.

Was it their duty, or were they under any obligation, to employ the plaintiff or to accept his services when tendered? They contend that they were not.    Their claim in this behalf is thus expressed in the brief: "It is manifest that the testator did not intend to direct his executors to employ the plaintiff, nor confine him to such work as they might require of him.    We think Mr. Barnum desired the plaintiff to devote his personal attention to and render services for the show and estate, not as an employee, but in some larger and more effective way, as he himself had been accustomed to do in his lifetime, by using his influence and devoting his talents to the advancement of them."    But as the executors were in full control of the estate and of the show as a part of it, and as they refused to employ the plaintiff or to accept his services on behalf of either, it is somewhat difficult to see how he could have acted as his grandfather did in his lifetime in this regard, or how he could have rendered such services as the codicil contemplates.    It is true, doubtless, that the testator did not intend to confine the plaintiff simply to such services as the executors might require of him, or that he should be treated as an ordinary employee; but reading the codicil in the light of all the facts and circumstances under which it was made, we are satisfied that the testator intended that his executors should either assign the plaintiff to the performance of such duties in connection with the show and the estate as he was capable of, or should allow and permit him to select and perform such duties, in order that he might have an opportunity to entitle himself to the benefit conferred upon him.    In this sense we think the testator intended the employment of the plaintiff by the executors.    It is true the testator does not lay this duty

upon the executors in express terms, but he makes the rendition of services the condition of his bounty, and he knew it could not be complied with without the aid and co-operation of the executors. Unless then we assume that the testator meant to insure the defeat of his gift to the plaintiff, he must have intended that his executors should employ him in the sense explained. Furthermore, this intention becomes quite manifest when we consider what the testator evidently had in mind when he executed the codicil. His strong desire was to have the plaintiff succeed him in the show business, and he wished him to have an opportunity to fit himself for the business. In the codicil under consideration, he directs his executors, in the event of his interests in the show business being offered for sale, to give the plaintiff the first chance to buy such interests, at the same price as any other party shall offer, and to extend to him every advantage in regard to credit and terms of payment for the same, as the executors and his daughter may consider reasonably safe for his estate. He contemplates the employment of the plaintiff in connection with the show in a position to which he could not attain without the appointment of the executors, for he expressly specifies how he shall be accommodated and treated whenever " he shall travel with the large show."

It is evident that the paramount intention of the testator in making the gift in question was not to provide for the support of the plaintiff, because it was only of a temporary nature, and by his will he leaves him something like half a million dollars. The gift in question appears to be in the nature of an inducement held out to the plaintiff to enter into the employment of the estate, and thus to acquire the knowledge, skill, and experience which would enable him to purchase eventually and with safety to himself, the interest of the estate in the show business, and to successfully carry on such business as the successor of the testator.

In short, the paramount object of the testator in this codicil, so far as it relates to the plaintiff, seems to be benefit to the plaintiff for the purpose above indicated, rather than benefit to the estate of the testator, although he had this in

mind also ; and as this object, practically speaking, could not be attained without the aid and co-operation of the executors in giving the plaintiff a full and fair opportunity to perform the required condition, the obligation to give the plaintiff such full and fair opportunity is by a strong implication laid upon the executors by the testator.   In no other way could the required condition be performed so as to effectually carry out the testator's intentions.

The executors failed to perform the duty thus imposed upon them, without legal excuse.   This is manifest from the facts found.   While undoubtedly they acted in good faith, under an honest mistake as to their duty, and for what they deemed to be the best interests of the estate, it none the less remains true that their conduct is the sole cause, legally speaking, why the conditions to be performed by the plaintiff were not fulfilled ; for it is found that the only reason why the plaintiff did not render the services required, was because of the conduct of the executors ; and the only reason why the persons named did not express their satisfaction as required, was because the plaintiff had rendered no services.   It thus appears that the condition to be performed by the plaintiff were not fulfilled solely because the executors prevented its fulfillment.   This certainly is a result never contemplated by the testator, for he must have supposed that his executors would obey the implied obligation laid upon them in the codicil, to give the plaintiff an opportunity to carry out the testator's plan and purpose as therein expressed.

In matters of contract where the party to whom or for whose benefit a condition precedent is to be performed, prevents its performance, he is not as a rule permitted to avail himself of his wrong in so doing.   " It is a well settled and salutary rule that a party cannot insist upon a condition precedent, when its non-performance has been caused by himself."   *Young* v. *Hunter*, 6 N. Y., 203.   " If he who is to be benefited by another's fulfilling his agreement, is the occasion why it is not carried into execution, the party bound to the performance, will be in the same condition as if the

agreement had been literally fulfilled." HOSMER, J., in *Miller* v. *Ward*, 2 Conn., 500. This rule, if applied in the case at bar, would determine the case in favor of the plaintiff; but we do not rest our conclusion in this case upon that rule, but upon the broader ground that it is in keeping with the intention of the testator.

As we have already seen, the main object and purpose of the testator in this codicil, so far as it relates to the plaintiff, is benefit and advantage to him and not to the estate; benefit pecuniarily in the shape of an annual income for a time; and benefit in the shape of knowledge, skill, and experience to fit him to become the successor of the testator in business as well as in name. To carry out this purpose the testator conferred upon the plaintiff the right to do what the codicil required of him; he imposed upon his executors the duty of permitting him to do so, and of aiding him, so far as might be necessary to carry out the plan of the testator; and what is of more significance, the power to defeat the gift of the money to the plaintiff is vested solely in the plaintiff himself and the three persons named. Plainly the testator did not intend that anybody else should have the power to defeat the payment of the money by anything they did or might do.

Reading this codicil in the light of all the facts and circumstances under which it was made, as they appear of record, we think the intent of the testator is, that if the plaintiff is ready and willing to do and is reasonably capable of doing what the codicil requires of him, and offers to do so, but is prevented from so doing by the executors, or others having power and authority in the matter, this shall be accounted to him as performance, and shall place him just where performance of the condition on his part would have placed him. In *Page* v. *Frazier's Executors*, *supra*, a will with a condition precedent in it was construed in a similar manner. In that case the condition of the gift was that the legatee, a sister of the testator, should become reconciled within a given time, to her brother and sisters. This was held to be a condition precedent. The court said that if the brother

and sisters were unwilling to come to terms of amity and reconciliation with the legatee and thus prevented the performance of the condition, this would not defeat the devise; that if the legatee in good faith made advances to them for reconciliation, it was their duty under the will to receive those advances and become reconciled to her; and that if they so acted as to prevent the accomplishment of the testator's will in this regard, then " the offer to perform and the rejection or defeat of that offer by the brother and sisters, * * * will be equivalent to performance, and the devise will vest." This was simply carrying out the intent of the testator as gathered from the entire will.

As the plaintiff was thus at the end of the year ensuing the death of the testator in the same position as if he had actually performed the services on his part, it then became the duty of the three persons named, or a majority of them, to do what the codicil requires of them in the premises, in the same manner as if such actual performance had taken place. This duty they did not then perform, nor have they since performed it. It is true they did, in point of form, certify to the executors that the plaintiff had not satisfied them, or a majority of them, that he was entitled to the money; but this action and conclusion was taken and reached, under what was doubtless the honest but mistaken view that unless and until the plaintiff had actually done what the codicil requires of him, they had no duty to perform with reference to him under the codicil; and so we think such certificate should be regarded as of no validity. We think the plaintiff is now entitled to the performance by the three persons named, or a majority of them, of the duty thus imposed upon them by the codicil, just as if he had actually rendered the best services that he was capable of rendering during the year ensuing the death of Mr. Barnum. As these persons derive their power to act in this behalf from the codicil and not from the court, their discretion, exercised in good faith, in the performance of the duty imposed upon them, cannot be controlled by the court. All the court can

require is that they shall act. It will be presumed that they will act in good faith to carry out the intent of the testator.

The Superior Court is advised to render judgment that Mrs. Thompson, Mr. Fish, and Mr. Bowser, or a majority of them, shall, within such reasonable time as said court may direct, perform the duty imposed upon them by said codicil towards the plaintiff, and with reference to the year ensuing the death of the testator, as if actual performance of the services required of the plaintiff for that year had taken place, and shall signify their conclusion in the premises to the executors of said estate.

In this opinion the other judges concurred.