## Gray v. Garnett, et al.

(Decided April 25, 1912.)

Appeal from Warren Circuit Court.

Wills—Other Estate Than That Described in Will—Treated as Undisposed of Estate.—Where a testatrix owned real estate other

than that described in the will, and failed to make disposition of it, it must be treated as undisposed of estate, and as to it, she died intestate.

T. W. and R. C. P. THOMAS, SIMS & RODES for appellant.

WRIGHT & McELROY and J. W. DOWNER for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This appeal involves a construction of the following will:

"I, Fannie Garnett Gray, of Warren County, Kentucky, being of sound mind and disposing memory, do make and publish this my last will and testament hereby revoking all former wills made by me.

"First. It is my wish and will that all my just debts and funeral expenses be paid as soon after my death as practicable.

"Second. I hereby give, will and devise unto my sister, Lydia G. Downer, all of my personal property, my wearing apparel, jewelry, including my watch and diamond ring, my books, silver of every kind and description which I may own at the time of my death to be hers absolutely.

"Third. I hereby give, will and devise unto my husband, Claud L. Gray, all of my real estate, situated in Christian County, Kentucky, and owned by me at the time of my death, to be his absolutely and in "fee simple," with full power to him to sell, convey and dispose of same as he pleases, or as he may deem proper; I also give him all money, notes and bonds that I possess at the time of my death.

"I hereby nominate and appoint my husband, Claud L. Gray, my executor, under this will and request the court to permit him to qualify as such without giving bond or security of any kind.

"This will, together with the date thereof, and the signature thereto, are entirely and wholly in my own handwriting.

"Given under my hand, this the first day of November, 1905.

"FANNIE GARNETT GRAY."

It appears that the testatrix and her husband were married on June 14, 1905. The will was executed on November 1st, 1905, at which time they resided in Warren County, Kentucky. On September 24th, 1910, she died

in Tennessee. Her will was duly probated in the home of her residence in that State and also in Warren County and Christian County in this State. She left no children. Her father and mother were dead, and she is survived by a husband, four brothers and two sisters. A dispute arose between her husband and her brothers and sisters as to the construction of her will, and particularly as to whether or not a certain lot which she owned in Bowling Green, Kentucky, passed under the terms of her will to her husband, he insisting that it did, while they insisted that it did not and was not disposed of by her will at all, and hence passed to them under the laws of descent as undevised estate. In the litigation which followed over this controversy the lower court took the view as expressed by counsel representing the brothers and sisters of the testatrix. Being dissatisfied with that finding, her husband prosecutes this appeal.

The object of construction is to arrive at the intention of the testator, and this intention is gathered from the will when read and considered as a whole. The language used by testatrix in the draft of her will is plain, simple and unambiguous. She gives to her sister certain articles of personal property, and to her husband, all of her real estate situated in Christian county, Kentucky, and all her monies, notes and bonds. It is possible that, when this will was written, she did not contemplate buying other real estate, and did, in fact, as contended by counsel for appellant, intend her husband to have all of the real estate that she should own at the time of her death, but the language used by her in the draft of her will does not justify such a presumption. If she had intended him to have all of the real estate which she might own at the time of her death she could easily have conveyed this idea by omitting from her will the words "situated in Christian County, Kentucky." Then her will would have passed to her husband any real estate that she owned no matter where situated. But the words "situated in Christian County, Kentucky," show an intention on her part to give to her husband only such real estate as she might own in that county at the time of her death, and it would be doing violence to the plain language of her will to say that she intended her husband to have real estate located elsewhere.

The will does not take effect until the death of the

testator, and it speaks as though written immediately preceding his death as to the disposition of real and per-sonal property comprised in it, unless a contrary inten-tion appears in the will. Kentucky Statutes, section 4839. There is nothing in the will under consideration to take it out of the rule, and thus we have a case where the testatrix owned real estate other than that described in the will and, having failed to make disposition of it, it must be treated as undisposed of estate, and as to it testatrix died intestate.

It is argued that it will be presumed that one in mak-ing a will intends to dispose of his whole estate. This is true; but such presumption vanishes when it is shown that any part of the estate is not disposed of. Augustus v. Seabolt, 3 Met., 155; Walters v. Neafus, 136 Ky., 756. If, when the will is read as a whole, there is a question as to whether or not the entire estate is disposed of, that interpretation will be given to the language used which will dispose of the entire estate. But we have no such case here. It appears that the will does not dispose of the Warren County real estate, and as to it the testatrix died intestate. The chancellor correctly so held.

Judgment affirmed.