## Stephens v. Stephens, et al.

(Decided September 28, 1915.)

### Appeal from Warren Circuit Court.

1. Wills—Construction—Trustees.—Where a testator bequeathed personalty to a trustee, to be held in trust for the benefit of the testator's wife, with an express direction to the trustee to pay her all the interest that might be collected from the trust estate, and the principal of the trust fund to go to the testator's heirs after the death of his wife, the wife took the entire income absolutely.

2. Wills—Construction—Trustees.—Where a testator devised all his realty to a trustee, to be held for the benefit of his legal heirs, the rents and profits to be paid to them by the trustee, the land to be sold after the death of the wife and the proceeds divided among the testator's legal heirs; but further provided that the rents should be applied to the support and maintenance of the testator's wife in case of necessity, and no time was fixed for the

No. 6—1

distribution of the income to the testator's legal heirs, the trustee is required to accumulate the rents during the life of the wife for her protection and maintenance in case of necessity, and to distribute the unconsumed part thereof to the testator's legal heirs, after her death.

3. Wills—Construction—Limitation Over.—Where property is devised absolutely to the testator's wife, with the power of unlimited disposition, and by a subsequent clause of the will the testator undertakes to devise over an undisposed remainder of the property, the limitation over is void; but this rule has no application to a case where the devise is to a trustee, or where a life estate, or some estate less than an absolute one, is given to the wife; the limitation over in the last named character of cases, being valid.

W. B. GAINES for appellant.

BRADBURN & BASHAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.— Reversing.

When J. W. Stephens married the appellant, Josephine Stephens, in 1877, he was the owner of a modest estate. By the strictest economy and hard work, in which the wife performed her full share, they accumulated a fortune of $30,000.00 or more, about one-half thereof being real property.

No children were born of the union. J. W. Stephens died testate in 1910, leaving his widow, the appellant, Josephine Stephens, surviving him.

The material parts of his will, executed in 1901, consist of the third, fourth and fifth items thereof, which read as follows:

"Item 3rd: I will and bequeath to D. W. Wright in trust for the benefit of my wife, Josephine Stephens, all my personal property of every kind, notes, bonds, stocks, and choses in action. To be held by said Wright as trustee for her benefit, and he is directed to pay to her all the interest that may be collected. He is further authorized in case of necessity, and she may need any portion of the principal for the comforts of life, that any portion of the principal may be paid to her.

"Item 4. I hereby will and bequeath to D. W. Wright as trustee, all my lands and tenements of which I may die possessed, to hold and use for the benefit of my estate, and it is provided in case of necessity and that my wife may need same in order to make her life comfortable and not want any of the necessities of life that the rent of my said lands may be paid to her.

"Item 5. In case of the death of my wife, then the principal of the fund bequeathed in trust to her, or so much of it as may be unconsumed, shall be divided equally between her heirs and mine, that is her heirs are to receive one-half and my heirs one-half at the death of my wife, all my lands and tenements shall be held for the use and benefit of my legal heirs, the rents and profits to be paid to them by my trustee named herein. It being my desire that my said land shall not be sold, but be held for the benefit of my heirs, believing that it will be best, that each heir should receive his *pro rata* of the rents, than any of the proceeds of sale. The children of each brother or sister, to receive *per stirpes* and not *per capita*."

By a first codicil, executed in 1904, the testator directed that twenty years after his death and the death of his wife, his lands should be sold and the proceeds divided among his heirs, after the payment of $500.00 to the State Street Methodist Episcopal Church, of Bowling Green.

By a second codicil, the testator bequeathed all his household and kitchen furniture to his wife; $500.00 to his friend Fred. Jones; and amended the first codicil by providing that his lands might be sold after the death of his wife, and the proceeds then divided as theretofore directed.

This action was filed on December 16th, 1914, by the executor and trustee, seeking a construction of the will and a settlement of the plaintiff's accounts as executor and trustee.

In his judgment construing the will, the chancellor held: (1) That after the payment of the specific legacies and the cost of administration, the trustee should hold the remainder of the testator's personal property in trust for the benefit of the testator's widow, Josephine Stephens; he directed the trustee to pay to her all the net income that might be derived from the personal estate so held in trust; and, if the income from said personal estate should, at any time, prove insufficient to provide the said Josephine Stephens with the comforts of life, the trustee should, in the exercise of a sound discretion, pay to, or use for the benefit of said Josephine Stephens, such portion of the principal of said trust estate created out of the personal property of the testator as might be necessary to provide the said Josephine with the comforts of life; (2) that upon the death of the widow, Jose-

phine, so much of the personal estate and the income thereon as should remain unconsumed at her death, should be divided equally between the legal heirs of J. W. Stephens, deceased, and the legal heirs of his wife, the said Josephine Stephens; (3) that all the lands of which the said J. W. Stephens died seized and possessed, should be held by the trustee until the death of Josephine Stephens, the widow, for the use and benefit of the testator's legal heirs, and the rents and profits of same should be paid to said legal heirs by the trustee *per stirpes* and not *per capita;* (4) that upon the death of the said Josephine Stephens, the widow, the lands should be sold and the net proceeds derived therefrom should be divided among the legal heirs of the testator, excluding his niece, Ora Davenport from said division; and, (5) that if the income from the personal estate and the *corpus* of the trust fund created out of the personal estate should, at any time, for any cause, during the life of Josephine Stephens, prove insufficient to provide her with the necessities and comforts of life, the trustee should pay to said Josephine Stephens, or use for her benefit, such parts of the rents of said land as she might need in order to make her comfortable, and in order to prevent her from wanting any of the necessities of life; the rents or income from the land to be resorted to only in case the income from the trust fund created out of the personal estate and the body of said trust fund should prove insufficient for the purposes above indicated.

Josephine, the widow, appeals and insists that the judgment is erroneous: (1) In so far as it directs that any part of the income of the personalty should be divided among the heirs, thereby depriving her of whatever income may have accumulated from that source; (2) that she is entitled to all the personalty placed in the hands of the trustee for her benefit, and the income from the realty; and (3) that at least one-half of the trust fund directed by the fifth clause of the will to pass to the heirs of J. W. and Josephine Stephens under the laws of descent, should have been treated as her estate, she claiming to be entitled to one-half of the personalty absolutely, and to one-half of the realty for life.

It will be observed that the first and second clauses of the judgment are contradictory in so far as they direct the disposition of the income from the personalty. The first clause thereof properly directs the trustee to pay all the net income derived from the personal estate to the

widow, while the second clause provides that upon the widow's death, so much of the personal estate and the income thereon as shall then remain unconsumed, shall be divided between the heirs of J. W. and. Josephine Stephens. Under the third clause of the will, however, Mrs. Stephens is entitled to the entire income from the personal estate, absolutely, and whatever portion thereof remains unconsumed at her death, goes to her personal representative, and not under the will of her husband. Both clauses of the judgment cannot stand; and as the first clause follows the third item of the will, the second clause of the judgment, in so far as it disposes of unconsumed income derived from the personalty between the heirs, will have to be set aside.

The fourth item of the will devises the lands of the testator to Wright as trustee, to be held by him for the use and benefit of the testator's estate, with the further provision that the rents to be derived from said lands should be used for the use and benefit of the testator's widow in case the income from the personal estate and the principal of the personal estate should prove insufficient to properly support and maintain her. And, while the fifth item of the will further provides that the testator's lands shall be held in trust for the use and benefit of the testator's legal heirs, the rents and profits to be paid to them by the trustee, the will nowhere provides when the rents and profits of the lands are to be divided between the heirs.

In construing these items of the will, the third clause of the judgment merely recites the provisions of the will, without attempting to determine when the rents and profits shall be paid to the testator's heirs by the trustee. In this respect the judgment is incomplete; it should have made a definite ruling as to when the rents and profits derived from the lands should be paid to the heirs of the testator.

In view of the fact that the will sets apart the rents and profits to be derived from the testator's lands as a trust fund for the support and maintenance of his widow in case the income from the personalty and the principal of the personal estate should not be sufficient for that purpose, it is apparent that the purpose of the testator, in this respect, might be defeated if any portion of the rents and profits from the lands should be paid to the testator's heirs, during the life of his widow. It is plain from the fifth item of the will, that the testator's chief

desire was the support and maintenance of his wife, in comfort. To carry out that purpose, he directed that his lands should not be sold, but should be held by his trustee until the death of his wife, and upon the happening of that event, the unconsumed part of the principal of the personal estate and the proceeds of the lands which should then be sold, were to be divided among his legal heirs.

In order, therefore, to carry out the purpose of the testator, it will be necessary for the trustee to retain in his hands the net rents and profits that may be derived from the lands held in trust, so long as the widow lives. In this way only can she be protected by holding the accumulated rents as a safety fund, in case of disaster to the more perishable personal estate.

To sustain her claim to the whole of the personal estate and to that portion of the trust estate left to descend to her heirs, the widow invokes the well-settled rule, that where property is devised to one absolutely, with the power of unlimited disposition, and by a subsequent clause of the will, the testator undertakes to devise over an undisposed remainder of the property, the limitation over is void. Becker v. Roth, 132 Ky., 429; Harkness v. Lisle, 132 Ky., 786; Nelson v. Nelson, 140 Ky., 412; Snively's Trustee v. Snively, 162 Ky., 461; Clos' Admr. v. Clos, 118 S. W., 981; Easton v. Miller, 128 S. W., 1092.

It is further insisted for appellant that the whole of the personalty having been placed in trust for the benefit of the wife, the court should have adjudged her the owner of it under the rule that a devise of the rents and profits of land passes the title to the land itself.

We are satisfied, however, that the doctrines relied upon to sustain the appellant's contention, have no application under the facts of this case.

There is a material distinction between the principle applied in the cases above quoted, and the legal principles which should control the case at bar. In the cases relied upon by appellant, the property was devised absolutely, with power of unlimited disposition; and, in those cases the court was careful to point out that where a life estate or some estate less than an absolute one, was devised to the wife, then the limitation over of such part of the devised property as should remain undisposed of at the death of the life tenant, was valid. Nelson v. Nel-

son, *supra*. In the case at bar, both the realty and the personalty are expressly devised and bequeathed to Wright, in trust; there is no absolute devise to the widow. And, that being true, the theory invoked by the appellant has no application to this case.

In the case at bar the trustee takes the estate, with directions to pay the entire income from the personalty to the widow, and such portions of the principal of the personal estate and the rents to be derived from the realty, in the order named, as may be necessary for the support of the widow.

In so far, however, as the judgment in its second clause undertakes to divide the unconsumed income from the personal estate between the legal heirs of the testator and his wife, and fails to direct the trustee to hold and accumulate the net rents of the lands during the life of the widow, as above pointed out, it is erroneous.

Judgment reversed and cause remanded, with instructions to the chancellor to correct it in the two respects above indicated. In other respects the judgment is affirmed.