## Hardin's Executor v. Hardin.

### (Decided June 13, 1916.)

## Appeal from Washington Circuit Court.

1. Wills—Construction—General Rules.—The cardinal rule in the construction and interpretation of wills and codicils is that the intention of the testator must be ascertained, if possible; and, if it is not in contravention of some established rule of law, or public policy, must be given effect; and, by this is meant the actual, personal, individual intention, and not a mere presumptive intention inferred from the use of a set phrase or a familiar form of words.

2. Wills—Construction—General Rules.—The law favors that construction of a will which disposes of the testator's entire estate when it is apparent from the whole instrument that it was the intention of the testator to dispose of his entire estate; and, the presumption is against a construction which will result in partial intestacy.

3. Wills—Construction—Heirs—Next of Kin.—Mere negative words are not sufficient to exclude the heir or next of kin; there must be an actual gift to some other definite object.

4. Wills—Construction.—Where a testator devised "all the residue of his estate both real and personal" to his niece and nephew, Annie C. Hardin and Joseph S. Hardin, children of the testator's brother, Joseph A. Hardin, and to Joseph A. Hardin, in case Annie C. Hardin and Joseph S. Hardin should both die without lawful issue, but provided that in no event should either Joseph A., Annie C. or Joseph S. Hardin receive, take or have any of said estate during the natural life of Rhoda Hardin, the wife of Joseph A. Hardin, nor until after her death, both the estate and the income derived therefrom should be placed in the hands of a trustee, the income to accumulate during the life of Rhoda Hardin, and distributed upon her death to the persons then entitled thereto under the will.

W. C. McCHORD for appellant.

J. W. S. CLEMENTS for appellee.

MARSHALL DUNCAN, Guardian ad litem.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing.

Mordecai B. Hardin, a bachelor, of Washington county, died in March, 1915, leaving a last will and testament which was duly probated by the Washington county court.

The testator left a brother, Joseph A. Hardin, surviving him. Joseph A. Hardin had two children, Annie C. Hardin, now Goggin, and Joseph S. Hardin. Rhoda Hardin is. the wife of Joseph A. Hardin, the testator's brother.

.This action was instituted by the executor for the purpose of having the will construed and a settlement of the estate.

The contentions as to the interpretation of the will arise out of the 2nd, 3rd, 4th, 5th and 6th clauses thereof, which read as follows:

"2.  After the payment of my said debts and funeral expenses, I will, give, devise and bequeath to my niece, Annie C. Hardin, and my nephew, Joseph S. Hardin, children of my brother, Joseph A. Hardin, all the residue of my estate, both real and personal, but said estate nor any part thereof is to be delivered to, received by, come into possession of or paid over to them during the natural life of their mother, Mrs. Rhoda Hardin, the wife of my said brother, Joseph A. Hardin, nor until after she is dead.

"3.  Should said Annie C. Hardin die without lawful issue or a child or children of her own, leaving her brother, Joseph S. Hardin, surviving her, then he is to take her part or share subject to the restrictions set out in the second clause of this will. Should said Joseph S. Hardin die without lawful issue or child or children of his own, leaving his said sister surviving him, then she is to take his share, subject to restrictions aforesaid.

"4.  It is my will and I so devise and direct that in the event my said brother, Joseph A. Hardin, shall have a child or children born to him by said Rhoda Hardin, or any other wife hereafter, then such afterborn child or children shall in no event or any manner whatever, either by gift, devise or inheritance or conveyance ever have or come into the possession of any of my estate.

"5.  In the event both said Annie C. Hardin and Joseph S. Hardin die without lawful issue or a child·

or children of their own and my said brother, Joseph A. Hardin, survives them and be without any afterborn child or children as aforesaid, then I will, give, devise and bequeath all the residue of my said estate to him, my said brother, Joseph A. Hardin. But in no event is either said Joseph A. Hardin or said Annie C. Hardin or Joseph S. Hardin or either of them to receive, take or have any of my said estate, nor shall same or any part thereof be delivered to, come into the possession of, received by or paid over to them or either of them during the natural life of said Rhoda Hardin nor until after her death.

"6. Should said Joseph A. Hardin die before his said children, Annie C. Hardin and Joseph S. Hardin, and they both die without lawful issue or a child or children of their own, then, in that event I will, give, devise and bequeath all my said estate to Silas R. Logsdon, Mordecai Logsdon, Walter Logsdon, Hattie Logsdon and Hartford Logsdon, of Washington county, children of my cousin, Mrs. Mary Logsdon, oftentimes called Nellie, widow of J. W. Logsdon, to be taken by them in equal shares and share and share alike."

The question is: Who gets the income from the devised estate during the life of Rhoda Hardin?

For the executor, it is contended that the devise of the corpus of the estate carried the income with it, and that both corpus and income vested in Annie C. and Joseph S. Hardin, subject to be divested on the happening of the conditions subsequently set forth in the will; and, that not until the happening of those contingencies will Joseph A. Hardin, the brother, take anything.

For Annie C. Hardin, who is now an adult married woman, it is contended that, there being no disposition of the use of the property during the life of her mother, Rhoda, the limitation was meaningless and void, and that Annie C. and Joseph S. Hardin took the estate at once, subject to be defeated by their deaths during the period of their mother's life; or, if she should be in error about this, she contends that the use being undisposed of, it descended under the statute to their father, Joseph A. Hardin, as the brother and heir-at-law of the testator.

The guardian ad litem contends that Annie C. and Joseph S. Hardin take a defeasible fee, the possession thereof, however, being suspended during the life of

their mother, and that the income to be derived therefrom from the death of the testator to the death of their mother, Rhoda, should be accumulated in the hands of a trustee for distribution, upon the death of Rhoda, to those who should then be entitled thereto.

The chancellor construed the will as follows:

"1.   Said testator failed by his will to dispose of the use and enjoyment of his estate during the life of Rhoda Hardin, and the right to hold, possess, use and enjoy said property for said period descends, as undevised estate, to his brother and only heir-at-law, the defendant, Joseph A. Hardin.

"2.   On the death of said Rhoda Hardin the estate will pass under the will to the defendants, Annie C. Goggin and Joseph S. Hardin, if they be alive at said time.   If either of them die before said Rhoda, leaving no children or issue alive, then the whole of said estate will pass to the survivor.   If either or both of said devisees die leaving children or issue surviving, in that event the estate devised becomes vested in them, or the one surviving and leaving issue, in fee simple.

"3.   In the event that said devisees, Annie C. Goggin and Joseph S. Hardin, die before their mother, neither leaving surviving issue, and their father, Joseph A. Hardin, is still alive, then said estate will pass to him absolutely under the will, after said Rhoda Hardin's death, but in the event that he dies before the death of his said children and before his said wife, and they and each of them die leaving no surviving issue, before the death of their mother, then said property will pass absolutely to the last alternate devisees, Silas R., Mordecai, Walter, Hattie and Hartford Logsdon, share and share alike.

"4.   The language in the fourth and fifth clauses of the will purporting to limit the devise to Joseph A. Hardin in the event of his having other children, tends to restrict or restrain the right of marriage and lawful procreation of children and is therefore held to be void and of no effect."

It will be observed that the chancellor was of the opinion that the will failed to dispose of the use and enjoyment of the estate during the life of Rhoda Hardin, and, that the use of it during that period descended as undevised estate, to Joseph A. Hardin, the testator's brother, and only heir-at-law.   From that judgment the

executor appeals.   No objection is made to the other portions of the judgment.

The purpose and intention of the testator cannot be misunderstood.   The one predominant note of the entire instrument is the exclusion of all the possible takers under the second, third, fourth and fifth clauses of the will from any use of any part of the testator's property during the life of Rhoda Hardin.   In the second clause the testator in unmistakable terms declared his purpose that no part of his estate should ever be delivered to, received by, or come into possession, or paid over to Annie C. Hardin or Joseph S. Hardin "during the natural life of their mother, Mrs. Rhoda Hardin, nor until after she is dead."

And, again in the fifth clause, after providing that his brother, Joseph A. Hardin should take the estate upon the death of Annie C. Hardin and Joseph S. Hardin without issue, their father, Joseph A. Hardin surviving them, the testator devised the estate to Joseph A. Hardin; but in the plainest terms, directs that "in no event is either said Joseph A. Hardin, Annie C. Hardin or Joseph S. Hardin, or either of them, to receive, take or have any of his said estate, nor shall same or any part thereof be delivered to, come into the possession of, received by, or paid over to them or either of them during the natural life of said Rhoda Hardin, nor until after her death."   In other words, in case of the death of his two children without issue, Joseph A. Hardin surviving them, would take the estate under the fifth clause, in the same way that his children took it under the second clause of the will; and, in either event the taker was not to have the possession or use of the estate until after the death of Rhoda Hardin.

The rule for the construction of wills is well stated in 40 Cyc. 1386, as follows:

"The cardinal rule in the construction and interpretation of wills and codicils is that the intention of the testator must be ascertained if possible; and, if it is not in contravention of some established rule of law, or public policy, must be given effect; and, by this is meant the actual personal, individual intention, and not a mere presumptive intention inferred from the use of a set phrase or a familiar form of words.   For this purpose the will should be construed liberally, but it cannot be

construed so as to effectuate an intention which is contrary to some rule of law or public policy."

Or, as was said in Bradshaw v. Williams, 140 Ky. 163:

"While the purpose of construing a will is to arrive at the intention of the testator, yet, in seeking the intention of the testator we must construe the language of the will in the light of the uniform rules of interpretation adopted by this court."

See, also, Citizens Trust Co. v. Fidelity Trust Co., 136 Ky. 540, and the cases there cited.

The intention and purpose of the testator, therefore, being perfectly plain, the only question for decision is: Did the testator use words sufficient to accomplish his purpose? If the will failed to dispose of any of the testator's property, it descended under the statute as undevised property.

Jarman's sixth rule for the interpretation of wills is, that mere negative words are not sufficient to exclude the heir or next of kin; there must be an actual gift to some other definite object. Or, as stated by Lord Mansfield in Denn v. Gaskin, Cowp. 657, "though the intention to disinherit the heir be ever so apparent, he must, of course, inherit unless the estate is given to some one else; and, the reason is that the law provides how a man's estate at his death shall go, unless he, by will, plainly directs that it shall be disposed of differently." Phillips v. Phillips' Admr., 93 Ky. 498; Todd v. Gentry, 109 Ky. 704, and Duff v. Duff's Exors., 146 Ky. 204, are to the same effect.

And, while it is true the presumption will be indulged that in making a will the testator intended to dispose of his whole estate, this presumption vanishes when it is shown that any part of the estate is undisposed of. Gray v. Garnett, 148 Ky. 34.

In the interpretation of a will, no rule of construction will be allowed to defeat the plain intention of the testator as gathered from the entire instrument. Citizens Trust Co. v. Fidelity Trust Co., 136 Ky. 540. And, the law favors that construction which will dispose of the entire estate, when it is apparent from the whole instrument that it was the intention of the testator to dispose of his entire estate; and, the presumption is against a construction which will result in partial in-

testacy. Newcomb v. Fidelity Trust Co., 108 S. W. 91; Deppen v. Deppen, 132 Ky. 755.

Furthermore, the law favors the vesting of estates, and in case of doubt it favors a fee rather than a less estate. But this rule, like the rule relating to the presumption against partial intestacy, must yield to the major rule above referred to, that no rule of construction will be allowed to defeat the plain intention of the testator as gathered from the entire instrument.

From a reading of the entire will before us we think there can be no doubt that the testator intended to dispose of his whole estate in a way that is plainly and easily ascertainable.

We think this case is controlled by the decision of this court in the case of Page v. Frazer's Exors., 14 Bush 205, subsequently before this court, and reaffirmed in Alexander v. Page, 30 Ky. L. R. 1362. In that case the will provided that if the testator's sister, Mrs. Page, after the death of her husband, George M. Page, should become reconciled to the testator's brother, Thomas H. Frazer, and his sisters within one year after the death of George M. Page, the executors were directed to pay over to Mrs. Page a one-sixth part of the estate; but, if she should not be reconciled within that period, then that sixth part should pass to the testator's other sisters and brothers. By a codicil, the testator further provided that in case Mrs. Page should die before her husband, George M. Page, her children should have the privilege of receiving the sixth portion intended for their mother, provided the children should within one year after the death of George M. Page, become friendly with and be reconciled to the testator's brothers and sisters who might then be living.

This court upheld the devise to Mrs. Page and her children, but placed the one-sixth interest intended for them, in the hands of a trustee, where it accumulated, pending the happening of the contingency upon which it should be distributed. The testator, William E. Frazer, died in 1859; Mrs. Page died in 1899, and George M. Page survived her until 1903; and, within one year thereafter, or more than forty-four years after the death of the testator, Mrs. Page's children, having been reconciled to such of their uncles and aunts as were then living, claimed and received the estate which had been held in trust and accumulated during that period.

The fact that the estate devised to Mrs. Page and her children was upon a condition precedent, while the estate in the case at bar conveyed to Annie C. and Joseph S. Hardin may be defeated by a condition subsequent, does not affect the principle of the interpretation as applied to the will. In either case, if it be plain that the intention of the testator was to hold his estate or a particular part thereof in suspense during a period not prohibited by law, the courts will see that the testator's wish is carried out.

It is contended, however, that Page v. Frazer, *supra*, is to be distinguished from the case at bar, and is not controlling here, because in Page v. Frazer, the testator expressly said, "it is my intention to dispose of my whole estate by this will," and that this express declaration is not to be found in the Hardin will. But, by the second clause of the Hardin will the testator expressly devised, "all the residue of his estate, both real and personal," to Annie C. Hardin and Joseph S. Hardin; he prohibited only the use and possession of it by them during the life of their mother. He did not give a part of his estate to his niece and nephew to be delivered to them at once and the remainder to be delivered at some other time; he gave them all of his estate, merely postponing the use and possession thereof.

Many cases have been cited by counsel holding, in effect, that in the absence of a clear direction to the contrary shown by the will, the beneficiaries have the same interest in the income and the profits of the property given them, as they have in the property itself; and, that under the devise of a defeasible fee, the profits, unless otherwise disposed of by the will, remain the property of the first devisee, and pass to his heirs or personal representatives. Jarman on Wills (5th ed.), sec. 797; Crofoot's Exor. v. Duvall, 3 Ky. L. R. 541; Lynn's Admr. v. Kennedy, 6 Ky. L. R. 657; 40 Cyc. 148; Mayes v. Karm, 115 Ky. 264; Watkins' Admr. v. Watkins, 120 S. W. 341. But these rulings were made in cases where there was no explicit direction to the contrary, and where there was no declaration of intention that was incompatible with the ordinary rules of law above announced. If the intention of the testator is plain and takes the case out of the rule announced in those cases, they, of course, have no application here.

We are of opinion, therefore, that the entire estate, including the income during the life of Rhoda Hardin, went to Annie C. and Joseph S. Hardin, but is not to be delivered to them, or to any taker under the will, until after Rhoda Hardin's death; that the chancellor erred in holding that the testator failed to dispose of the use and enjoyment of his estate during the life of Rhoda Hardin and that the right to use and enjoy the property during her life descended as undevised estate to the testator's brother, Joseph A. Hardin. He should have followed the rule applied by this court in Page v. Frazer, *supra,* by directing the income to be accumulated in the hands of a trustee during the life of Rhoda Hardin, and distributed at her death to those entitled thereto under the will. In no other way can the very plainly expressed intention of the testator be carried out. Stephens v. Stephens, 165 Ky. 727.

Judgment reversed for the purpose of entering a judgment in accordance with this opinion.