Judge Marshall
delivered the Opinion of the Court.
The testator having clearly expressed the intention to dispose of his whole estate by his will, that intention ’ *314 should be carried into effect as far as it is made manifest, by the provisions of the will itself, to whom he intended to give the various portions of his estate — though as to a particular part of it, there be no expi’ess formal devise.
On this principle, we are of opinion that the Circuit Court did not err in decreeing that, the defendant, Daniel Byers, was entitled, under the will, to one half of the farm of two hundred acres, during the life of his mother. It was evidently the intention of the testator that he should have it.
But as to the personal estate, other than that bequeathed to the testator’s widow (which was so much of the farming utensils, stock and furniture as she chose to keep,) the will, not only makes no express disposition of it, either general or special, but gives no indication whatever, by which it can be inferred to whom, if to any particular one or more among the persons named in his will, he intended or desired to give it. As to this portion of his estate, therefore, he died intestate, and the complainants, being a part of his heirs and distributees, are entitled to their respective portions thereof. Their failure to tender a refunding bond to the executor, did not justify a dismissal of the bill, though it deprived them of the right of demanding interest from him, except so far as they might make it appear that he had received interest, or had used or made profit of the estate in his hands.
The decree is therefore reversed, and the cause remanded, with directions to ascertain, in the usual manner, the amount of the personal estate unbequeathed by the testator, as before stated, and with which the executor is chargeable, after allowing all proper credits, and to decree to the complainants respectively, on their executing refunding bonds to the executor, as required by law, the several sums to which they are entitled as distributees.