Clarkson, &c. v. Clarkson, &c.

8b  655
93  499

8bu 655
109 706

8bu 655
136  765

CASE 42—PETITION EQUITY—MARCH 28..

# Clarkson, &c. v. Clarkson, &c.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. WORDS OF EXCLUSION—DEVISE BY IMPLICATION OF LAW.

"As to the remainder of my landed estate, I make no further provision for, more than it is my will and desire that my son J. and my grandchildren by my daughter L. shall be deprived of any interest whatever therein." *Held*,

That the son J. and the grandchildren by the daughter L. are not entitled to share in the lands referred to in the above clause of the will; that there can be no mistake as to the intention of the testator to exclude them; and that

From the above clause and other circumstances appearing in the will the court concludes that the testator intended by his will to dispose of his entire estate; that he intended it all to go to his heirs at law, and that by such will he clearly manifested the proportions in which it was to be divided between the heirs, each of them to take the interests specifically devised to them, and then all of them, except J. and the children of L., to take the landed estate last mentioned in the proportions prescribed by the laws of descent. Such being the case, it must be carried into effect, even though as to a portion of it there be no express formal devise. (Byer's heirs v. Byer's ex'rs, 6 Dana, 313.)

2. *Jarman's sixth rule of construction*—"That mere negative words are not sufficient to exclude the heir or next of kin; there must be an actual gift to some other definite object"—is in accord with the spirit of the law of this state regulating the testamentary right.

The rule of descent prescribed by the laws of the state is the will which the law makes in cases of intestacy, and under this will the heirs must take, unless they are "disinherited by express words or by necessary implication." "Conjecture nor uncertainty shall never disinherit him." (Allen, &c. v. Allen, &c., 18 Howard, 390.)

The right of the heir to inherit can only be displaced or precluded by direct words or plain intention, evincing a desire on the part of the testator that he shall not take. (Augustus, &c. v. Seabolt, &c., 3 Metcalfe, 155.)

3. INTESTATE AS TO A PORTION OF HIS PERSONAL PROPERTY.—This portion of his estate (as to which the testator died intestate) must be distributed as directed by our statute of descents.

4. AS TO ADVANCEMENTS THE WILL IS NOT CONCLUSIVE.—In ascertaining the advancements made to the various heirs, as provided for in section 17, chapter 30, Revised Statutes, 1 Stanton, 426, the court is not precluded by the will from inquiring whether or not, as matter of law, the amounts received by the heirs respectively are properly charged to them as such.

C. G. WINTERSMITH, . . . . . . . . For Appellants,

CITED

2 Jarman on Wills (2d Am. ed.), side-pages 741, 743.

1 Redfield on Wills, pages 422, 423, 427–9, 432–6.

6 Dana, 313, Byers v. Byers.

3 Metcalfe, 161, Augustus v. Seabolt.

2 Bush, —, Delph v. Delph.

2 Wendell, —, Shauber v. Jackson.

2 Blackstone, chapter 23.

Revised Statutes, chapter 106, section 11.

Statute of 1797 (Va. Statute of 1785), 2 M. & B. 1537.

M. H. COFER, . . . . . . . . . . . For Appellees,

CITED

18 Howard U. S. S. C. 390, Allen v. Allen.

17 B. Monroe, 707, Clark v. Clark.

44 Barbour, 564, Lovett v. Kingsland.

1 Jarman on Wills, 1.

7 Cowen, 79, Rosevelt v. Fulton.

2 Barbour's Chan. Rep. 506, Haxton v. Corse.

1 Jarman on Wills, 146, note.

1 Jarman, 303, 318, 319, 564.

3 Binney, 481–6, Clayton v. Clayton.

2 Wendell, 32, Schauber v. Jackson.

3 Binney, 18, French v. McIlhenny.

6 Wharton, 244, Bradford v. Bradford.

1 Powell on Devises, 199.

1 Metcalfe, 583, Ford v. Thompson.

3 Metcalfe, 157, Augustus v. Seabolt.

6 Dana, 314, Byers v. Byers.

2 Bush, 171, Delph v. Delph.

Revised Statutes, section 17, chapter 30.

Revised Statutes, section 1, chapter 30.

Revised Statutes, section 2, chapter 106.
Cowper, 657, Denn v. Gaskins.
Cowper, 352, Mudge v. Blight.
Redfield on Wills, 575, note.
Redfield on Wills, 433.
Roper on Legacies, 327, 328.
Redfield on Wills, pages 1, 5.
Jarman's 6th Rule.    3 Indiana, 444.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

James F. Clarkson, who died in Meade County in the year 1864, left a last will and testament, which was duly probated in the proper court.

After making specific devises to his various children and grandchildren, the testator, near the close of his will, provides as follows: "To my son, James L. Clarkson, I will and bequeath my negro boy John, to him and his heirs forever. As to the remainder of my negroes not herein devised, I desire to be equally divided between all of my children or grandchildren, except my son Jesse M. Clarkson and his children, and the children of Luther J. Talbott. Such of my other grandchildren to receive one share; that is, A. V. Moorman's two daughters and William and Henry Woodson to receive the share their mother would be entitled to, and my three sons, James L., Manoah P., and Anslem, one share each, and my daughter, Martha E. Cosby, one share. As to the remainder of my landed estate, I make no further provision for, more than it is my will and desire that my son, Jesse M. Clarkson, and my grandchildren by my daughter Lucy and Luther J. Talbott, shall be deprived of any interest whatever therein; and lastly, I appoint my two sons, James L. Clarkson and Anslem Clarkson, my executors to carry out the provisions of this will in accordance with my desire therein expressed."

There is no residuary clause in the will, and the question presented in this case is whether or not Jesse M. Clarkson

and the children of Lucy Talbott are entitled to share in the lands described or referred to in the clause just quoted. Notwithstanding the unmistakable intention of the testator to the contrary, they claim that so much of this clause as attempts to exclude them is inoperative; that, being heirs at law of the testator, they can not be excluded by mere negative words.

Mr. Jarman's sixth rule of construction is, "that mere negative words are not sufficient to exclude the heir or next of kin; there must be an actual gift to some other definite object." This rule is in accord with the spirit of the laws of this state regulating the testamentary right. As was correctly and aptly said by the Supreme Court of New York, in the case of Allen v. Allen (18 Howard, 390), the rule of descent prescribed by the laws of the state is the will which the law makes in cases of intestacy, and under this will the heirs " must take unless they are disinherited by express words or by necessary implication. Conjecture nor uncertainty shall never disinherit him."

It was held by this court, in the case of Augustus, &c. v. Seabolt, &c. (3 Metcalfe, 155), that the right of the heir to inherit "can only be displaced or precluded by direct words or plain intention, evincing a desire on the part of the testator that he shall not take."

In this instance there can be no mistake as to the intention of the testator to exclude these appellees from all participation in the lands mentioned in the clause of the will heretofore quoted; still, unless these lands have been disposed of by express words or by necessary implication, it results that as to them he died intestate, and the statute of descents must be allowed to control.

When the entire will is considered no doubt can be entertained that the testator intended to dispose of his whole estate, and that it was all to be given to his children and grandchildren. It is also apparent that it was not intended that

they should take equal shares.  The first devise is to the children of the deceased daughter, Lucy Talbott.  The amounts given to them are comparatively insignificant; and in explanation of this fact the testator says: " I feel that my grandchildren above-named, being the children of Luther Talbott and my daughter Lucy, should be perfectly content with the above devises, knowing as I do that I have heretofore advanced to their father in his life-time more than I am able now to give each of my children ; and from this fact I devise to them the above amounts, being small compared with some others." It is manifest from this language that the testator believed that the amounts given to these children with the advancements he had made to their parents would constitute a sum equal if not greater than he was able to give to his other children by exhausting his entire estate.

No reason is assigned why Jesse is to be excluded from an equal participation with the remaining children ; but the intention that he and the Talbott children are to have no greater interests than are specifically devised to them is asserted wherever their names are mentioned.  The negroes not devised by name are to be equally divided between all the children and grandchildren except these appellees; and in the same connection, and immediately afterward, they are excluded from any interest whatever in the remainder of the testator's landed estate.  These facts do not leave us to conjecture as to the intention of the devisor.  The implication that his children and grandchildren, except these appellees, were to take this landed estate is " so inevitable that an intention to the contrary can not be supposed."

This will is awkwardly drafted; but it is not necessary to go outside of it to hunt out the intention of the testator. This can be ascertained from the words of the will itself, and no more is or ought to be required to authorize the courts to give effect to the instrument.

From these considerations we conclude that James F. Clarkson intended by his will to dispose of his entire estate; that he intended it all to go to his heirs at law; and that by such will he clearly manifested the proportions in which it was to be divided between the heirs—each of them to take the interests specifically devised to them, and then all of them, except these appellees, to take the landed estate last mentioned in the proportions prescribed by the laws of descent.

Such being the case, it must be carried into effect even though, as to a portion of it, there be no express formal devise. (Byer's heirs v. Byer's ex'rs, 6 Dana, 313.) Here, as in the case just cited, the testator seems to have died intestate as to a portion of his personal property, the proceeds of which are now in the hands of his executors. This portion of his estate must be distributed as directed by our statute of descents. In ascertaining the advancements made to the various heirs, as provided for in sec. 17, chap. 30, Revised Statutes (1 Stanton, 426), the court is not precluded by the will from inquiring whether or not, as matter of law, the amounts received by the appellees, or by the ancestors of the Talbott children, are properly chargeable to them as such.

In so far as the judgment of the court below conflicts with the views herein expressed it is reversed. The cause is remanded for further proceedings consistent with this opinion.