*Van Winkle & Rodes, for appellant. W. G. Welch, for appellee.*

---

JIM TALBOTT, ET AL., *v.* JAMES L. CLARKSON, ET AL.

JAMES L. CLARKSON, ET AL., *v.* JAMES M. CLARKSON, ET AL.

**Decedent's Estate.**

Where a testator does not dispose of all of his property in distribution of the undevised portion thereof, the heirs and devisees may be made to account for advancements made to them.

**Advancements.**

The valuations fixed by devisees on property given them by the testator will not control the chancellor as to such values; nor is the claim of the testator that he has made them all equal, or given one more than the other, conclusive of that fact.

**Attorneys' Fees of Executor's Attorneys.**

Where one of the devisees institutes a proceeding to have the will construed, which is in fact a claim by said devisee against the others, the fees of plaintiff's attorneys are not payable by the executor out of the estate, and a claim for such fees should be rejected.

APPEALS FROM HARDIN CIRCUIT COURT.

June 26, 1880.

OPINION BY JUDGE PRYOR:

In a former opinion rendered by this court (*Clarkson v. Clarkson,* 8 Bush 655) it was expressly decided that the testator failed to devise his whole estate, and in distributing that part of it undevised the heirs and devisees were properly made to account for advancements made. The valuation fixed on the property given the devisees

by the testator cannot control the chancellor in the question of value; nor is the declaration of the testator that he has made them all equal, or given one more than the other, conclusive of that fact, if at all admissible to establish it.

In the case of Talbott, notwithstanding the declaration made by the curator, it is manifest that the two had a settlement, and the receipts exhibited show that Talbott was not indebted to the testator. If he was indebted to the estate the representatives must look to Talbott's estate, and not to the inheritance of his children from their grandfather. Mrs. Talbott and her husband received nothing by way of advancement, except some articles for housekeeping and perhaps a salve; and, the proof conducing to show that the other heirs received a like advancement, it was proper for the commissioner to decline, as he did, to make any charge against the heirs for such advancements. In the settlement made by the testator and Talbott in the year 1848, the witness who was present says that it was a settlement of all past transactions between them, and that the testator then paid Talbott $1,500 when a final receipt was given.

It is not pretended that Clarkson ever gave to Talbott any money or property after this settlement, and the effort is now being made to go behind the settlement and charge the children of Talbott with some old debts that the testator paid as his surety. If such debts were paid the estate of Talbott is liable for them. There is no proof showing that the payments were made as advancements; but on the contrary the weight of the proof establishes the fact that Clarkson was indebted to Talbott. The court very properly excluded from the credits to J. L. Clarkson the note for $200 due in 1842. It was a stale claim, and some other evidence was required than the mere exhibition of the note. This note was made payable to one who was the executor, and had access to the papers of the testator; and while it may be a just claim, the production of such a paper, under the circumstances, in the absence of other proof, is not sufficient evidence of the indebtedness. In regard, however, to the charge made against the executors for rents, slaves, etc., if they were even survivors, it would not affect the judgment as to these appellees, as the appellants would then have received, by way of advancements, more than the appellees.

The only valid objection to the judgment arises on the appeal of Talbott. It appears that the attorney of the executors had been allowed and paid the sum of $500, for which they received a credit

in their settlement; and yet the additional sum of $500 is allowed them for services rendered in having a proper construction of the will of the testator. Talbott, and others who claimed that a part of the estate was undevised, brought a suit in equity seeking a construction of the will; while the executors, who were devisees and claiming together with others of the devisees the entire estate, insisted that the whole of it passed under the will. It was in fact a claim by one devisee against the other, and to allow the claim of the executors would be to pay them out of a fund going to the appellants for contesting in their individual right the right of the latter to receive it. This view of the question is made the more equitable when it clearly appears that the executors had already been allowed $500 to pay attorneys. The attorney is doubtless entitled to his money, but the executors should pay it out of their own pockets, or in conjunction with the devisees whose interests were identical.

The judgment on the appeal of James L. Clarkson v. James M. Clarkson is *affirmed,* and the judgment on the appeal of Talbott v. James L. Clarkson is *reversed* and cause remanded for further proceedings.

*T. B. Fairleigh, J. W. Lewis, C. G. Wintersmith, for appellants. M. H. Cofer, for appellees.*