CASE 89—PETITION EQUITY—NOVEMBER 22.

# Phillips, &c., v. Phillips, Adm'r.

### APPEAL FROM PIKE CIRCUIT COURT.

1. WILLS—PARTIAL TESTACY—EXCLUSION OF CHILD.—Where a father gives to one of his children certain property by deed or will, declaring in the instrument that it is all he intends that child to have of his estate, he does not thereby exclude the child from participation in his undevised estate. The only way in which he can exclude the child from further participation in his estate is by disposing of his whole estate.

2. SAME.—A devise by a father to certain of his children, who alone are mentioned in the will, with the provision that they shall have no more of his estate, can not be regarded as an implied devise to his other children of the estate not disposed of by the will.

AUXIER & YORK FOR APPELLANTS.

Before an heir can be cut off by will, as in the case at bar, the testator must dispose of all his property to some one. An heir can not be cut off by mere negative words of exclusion. (Gen. Stats., chap. 50, art. 2, sec. 4; Tieeman on Real Property, sec. 663; Coffman v. Coffman, 85 Va., 459; s. c., 17 Am. St. Rep. 70; Boisseau v. Aldridge, 5 Leigh, 222; s. c., 27 Am. Dec., 590; Doe v. Lanius, 3 Ind., 441; s. c., 56 Am. Dec., 518, and note; Thomas v. Thomas, 3 Western Rep., 67; Massie, &c., v. Griffin, 2 Met., 367; Allen and wife v. Vanmeter, 1 Met., 264; Clarkson v. Clarkson, 8 Bush, 657; Tabor, &c., v. McIntyre, &c., 3 Ky. Law Rep., 307.)

AUXIER & ROBERSON FOR APPELLEES.

A testator may cut off an heir by express words of exclusion. (Clarkson v. Clarkson, 8 Bush, 657; 3 Met., 155; Allen v. Allen 18 How., 390; Tabor, &c., v. McIntyre, &c., 79 Ky., 505; Gen. Stat., chap. 113, sec. 2.)

R. T. BURNS OF COUNSEL ON SAME SIDE.

JUDGE BENNETT, DELIVERED THE OPINION OF THE COURT.

The appellants and appellees are the children and heirs at law of Thompson Phillips, who died partially testate, and leaving a large estate undisposed of by gift or devise.

The part of the estate undisposed of is that part in controversy. The facts are that Thompson Phillips devised to his five daughters two hundred dollars each, which sum, he says, is " all I intend for my five daughters to have of my estate." To all of his sons, except the appellees, F. M. and George Phillips, to whom he made no gift or devise, he gave by deed small portions of land, saying in each deed that the land given was all he intended the donee " to have out of his estate." The appellees contend that the portion of the estate not directly disposed of by the will or deeds was impliedly devised to them; hence appellants have no interest in the same. On the other hand the appellants contend that Thompson Phillips died intestate as to that estate, and they take, under the statute of descents and distribution, as co-inheritors with the appellees, being chargeable with what they received by the will and deeds as advancements.

There is no doubt that there is no implied devise to the appellees, and that Thompson Phillips died intestate as to all that property not directly willed or conveyed by deed. So, the question is, do the appellants take under the statute of descents and distribution as co-inheritors of the undevised estate, or do the will and deeds exclude them as co-inheritors of the undevised estate. In the case of Clarkson v. Clarkson, 8 Bush, 658, it is held that in case of partial testacy, mere words of exclusion are not sufficient to deprive the beneficiary of the right to inherit his portion of the estate undisposed of by the will, because as to that estate the law casts the descent upon him, not the testator, and he can only be deprived of his inheritance by the testator's disposing of his entire estate. It is true, under the circumstances of the Clarkson case,

the court held that the whole estate was impliedly devised; but those circumstances do not appear in this case. On the contrary, Thompson Phillips certainly died intestate as to a portion of his estate. He having advanced a portion of his estate by deed and will and died intestate as to a portion, the question is, did he by the words of exclusion, *supra*, deprive the beneficiaries of their right to inherit with the appellees the undevised estate? Upon that subject, section 15, chapter 31 of the General Statutes, provides that " any real or personal estate or money given or devised by a parent, or grandparent, to a descendant shall be charged to such descendant " in the " division or distribution of the undevised estate " so as to equalize all, &c. This court, in the case of Bowles v. Winchester, &c., 13 Bush, p. 1, decided that the provision of the statute *supra* could not be controlled or varied by any expression of intention by the parent. In other words, if the parent should say in giving or devising his child one thousand dollars, this is not to be charged to you in the distribution of my undevised estate, or it is to be in full of your portion of my undevised estate, such expression of intention, though found in the written conveyance, or will, would not have the effect of suspending the operation of the statute *supra*, the object of which was to equalize, as far as possible, all the children in the distribution of the undevised estate of their parent; and, to that end, to prevent the parent from discriminating in favor of or against any of his descendants, unless he does so by disposing of his whole estate; but when he leaves a part of it undisposed of, it is the object of the law to cast the descent so as to equalize all his descendants, his intention to the contrary notwithstanding.

The judgment is reversed and cause remanded, &c.