## Duff v. Duff's Exors.

(Decided January 11, 1912.)

Appeal from Montgomery Circuit Court.

1. Will—Construction.—Testator's will contained the following provision: "I have deeded to my son, Henry Duff's heirs about 136 acres of land in the bend of Slate above Howard's Mill and $25 worth household goods, it being his full share of my whole estate except what is mentioned hereafter." Later on testator directed certain property upon the happening of certain events to be divided equally between "all my heirs." In two other instances he directed certain property to be divided equally between "all my heirs including Henry Duff's children;" Held, that the testator plainly indicated that he intended Henry's part of the estate should go to Henry's children, and by necessary implication excluded Henry from participating in the devised estate as one of the testator's heirs.

2. Same—Undevised Estate—Exclusion of Child.—A father can not exclude a child from participation in his undevised estate by giving him certain property by deed or will declaring that it is all of his estate that he intends the child to have, but can only do so by disposing of his entire estate.

3. Advancements—Where a testator declares in his will that certain property which he had deeded to the children of one of his sons was in full of that son's part of the whole estate, such gift is not a mere gratuity to the testator's grandchildren, but is in effect a gift to the son, and should be charged as an advancement to the son in the distribution of the undevised estate.

W. B. WHITE for appellant.

JOHN G. WINN, LEWIS APPERSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

S. A. Duff, a resident of Montgomery County, Kentucky, died testate on June 2, 1909. He had had eight children, five of whom were living at the time of his death, and three were dead leaving descendants. S. A. Duff, when he died, owned a tract of about sixty-five acres of land and a house and lot and storehouse which were not disposed of by his will. His executors brought this action to have the will construed and the advancements equalized, and to have determined what disposition should be made of that portion of the testator's estate which the will did not dispose of. Henry S. Duff, one of the testator's sons, was not made a party to the action, but he subsequently intervened, and claimed that he was not only a devisee under his father's will, but was also entitled to a one-eighth interest in that part of the estate undisposed of by will. The chancellor held that he was not a devisee, and that while he was entitled to a one-eighth interest in the undevised estate, it was subject, however, to an advancement of $5,525 made by the testator to the children of Henry Duff. Not being satisfied with this judgment, Henry Duff appeals.

The will in question, after providing for the testator's widow and referring to property given to his son, J. C. B. Duff, then dead, contains the following provision:

"I have deeded to my son, Henry Duff's heirs, about 136 acres of land in the bend of Slate, above Howard's Mill, and $25 worth of household goods, it being his full share of my whole estate except what is mentioned hereafter."

After referring to the property given to certain of his daughters, we find the further provision:

"To my daughter, Mary E. Cowgill, I heretofore gave $25 50-100 dollars worth household goods cash in lieu of horse, $90 dollars cash to build house at Stanton, Powell County, $100 dollars cash advanced on store at Spencer, $1,471 dollars, and after the death of my daughter, Mary E. Cowgill, and her husband, J. E. Cowgill, delivered to me $800 dollars of the above amount, which amount of $800 dollars I will to my granddaughter, Lida I. Letta Cowgill, with 6 per cent. int. from first June, 1896, until paid to her and if she should die without

having any living children her part of my estate to be equally divided between all the balance of my heirs."

Further along we find this provision:

"At the expiration of 10 years I want the 136 acres of land lying on south side of Spencer pike sold either altogether or may be divided equally between my six daughters until they get each with what they have already had three thousand ($3,000) dollars each, then I want the balance divided equally between all of my heirs, including Henry Duff's children."

Again, we find the provision:

"My mountain farm of about 160 acres if not sold before my death I want sold or divided between all my heirs as my executors think best."

Then again we have the following provision:

"The 200 acres where I now live at the death of my wife I want it sold either altogether or in lots to suit purchasers and proceeds divided equally between all my heirs, including Henry S. Duff's children."

For appellant it is argued that as the testator provides in two instances that certain property, after the happening of certain events, shall be divided "equally between all my heirs," and in two other instances "between all my heirs, including Henry Duff's children." Henry Duff, a son of the testator, and, therefore, an heir, is necessarily included. Were these all the provisions of the will, there might be some merit in this contention. But in the very first clause of his will, the testator refers to the fact that he had previously deeded to Henry Duff's heirs 136 acres of land, and then says: "It being his full share of my whole estate except what is mentioned hereafter." The only two pieces of property he thereafter mentions in connection with Henry Duff are those which he directs in certain contingencies to be equally divided between "all my heirs, including Henry Duff's children." All these provisions considered together make the intention of the testator plain and unmistakable. In deeding the 136 acres of land to Henry Duff's children, he substituted Henry's children for Henry, and in devising his estate, he likewise intended that Henry's part should go to his children, and made a like substitution. By necessary implication, therefore, he excluded Henry from participation in the devised estate as one of his heirs.

But as a father can not exclude a child from participation in his undevised estate by giving him certain property by deed or will declaring that it is all of his

estate that he intends the child to have, but can only do so by disposing of his entire estate, it follows that the chancellor properly held that appellant was entitled to a one-eighth interest in that portion of his father's estate which was not disposed of by will. (Phillips, &c. v. Phillips, Admr., 93 Ky., 498; Todd, &c. v. Gentry, &c., 109 Ky., 704.) It is contended, however, that the chancellor erred in holding that this interest was subject to the advancement made to appellant's children. In support of this contention, counsel for appellant relies upon the case of Stevenson, &c. v. Martin, &c., 11 Bush, 485, where it was decided that a gift or property to a grandchild was a mere gratuity and could not be regarded as an advancement by the grandfather to his son, the child's father. This is the ordinary rule, but it is subject to exceptions. Thus in Hamilton, &c. v. Moore, &c., 24 Ky. Law Rep., 982, Nelson Hamilton made certain advancements to his children. That portion intended for his son, James W. Hamilton, Sr., he gave to the latter's son, James W. Hamilton, Jr. This was done at the instance of James W. Hamilton, Sr., and to protect his interest. The court held that it was in effect a gift to James W. Hamilton, Sr., and should be charged as an advancement to him. In discussing the question the court said:

"It has been held that if land is conveyed to the husband, which is intended as an advancement to the wife, she will be charged with it in the distribution. It has also been held that where the father furnishes money to pay for land or for insurance, it may be charged as an advancement. The gift here being in truth to James W. Hamilton, and the title having been put in his infant son at his instance and to protect his interest, it must be treated as an advancement to him, else the purpose of the statute which looks to equality between the children, would be defeated by the mere form of the transaction, for nothing is clearer from the evidence than that the decedent had no intention of preferring the grandson, but only aimed to make an advancement to the son, as to the others. In carrying out the statute the court will not allow a mere subterfuge to defeat its purpose of securing an equal distribution of the estate of the intestate among the heirs at law."

While it is true that there is nothing in the present case to show that appellant requested that the land be deeded to his children, yet the testator's purpose in

deeding the land is plainly shown by the testator when he declares it to be appellant's full share of the testator's whole estate except what is thereafter mentioned in the will, and by mentioning only two pieces of property which in certain contingencies are directed to be divided between all his heirs including appellant's children. This is not a case where resort must be had to outside circumstances t o determine the purpose of a gift, but the testator himself declares in his ·will what his purpose was. He had made advancements direct to his other children, but the advancement intended for appellant was given to him through the medium of his children. It is, therefore, manifest that the testator did not intend to prefer his grandchildren, and that the land conveyed to them was not a mere gratuity, but was in effect a gift to appellant. That being true, it comes within the spirit of the statute, and should be treated as an advancement to appellant. As the chancellor so held, it follows that the judgment complained of is proper.

Judgment affirmed.