## Duff, et al. v. Duff's Executors, et al.

(Decided March 16, 1912.)

### Appeal from Montgomery Circuit Court.

1. Advancements—Undevised Estate—Valuation.—In the distribution of undevised estate, the courts are not bound by the estimate of a testator placed upon property given or devised to his children, but may proceed to hear proof and fix the advancements at their actual value.

2. Same—Devised Estate—Valuation by Testator.—In the case of a will no question of advancements can arise in the distribution of the devised estate, unless the testator indicates an intention to equalize his devisees, in which event, advancements, will be charged according to the valuation that the testator himself places upon them.

NESBITT & THOMAS, C. W. GOODPASTER for appellants.

JOHN G. WINN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

S. A. Duff, a resident of Montgomery county, Kentucky, died testate on June 2, 1909. His will is as follows:

"I, S. A. Duff, of the county of Montgomery and State of Kentucky, being sound in mind and memory, do make and devise and declare this to be my last will and testament, dispose of what Almighty God hath pleased to bless me with in the following manner: To my wife I give the farm of 200 acres, on which I now live, to be her own during her natural life. I have here-

tofore given my son, J. C. B. Duff, now dead, three thousand ($3,000) dollars worth of land, $25 dollars worth of household goods, and I have deeded to my son Henry Duff's heirs about 136 acres of land in the Bend of Slate above Howards Mill and $25 dollars worth of household goods, it being his full share of my whole estate except what is mentioned hereafter I have heretofore *gave* my daughter Margaret Reasor $840 dollars worth of land, 1 horse, worth $90 dollars, $25 dollars worth household goods *als* $160 dollars in money. I also give her $225 dollars to pay on the parcel of land W. J. Reasor bought of Henry S. Duff and I will her $300 dollars more to make her equal to the balance of my daughters. I heretofore gave to my daughter Lucy Coons cash in lieu of horse $90 dollars, $25 dollars in household goods, also $1,581 dollars in money paid on Beatty land, 1 cow worth $40 dollars. I have heretofore gave my daughter Laura Yocum $1,287 dollars worth of land deeded to her by John Yocum and S. A. Duff, 1 cow worth $30 dollars, 1 horse worth $105 dollars, household furniture, $25 cash, to repair house $170. To my daughter Mary E. Cowgill I heretofore gave $25 50-100 dollars worth household goods, cash in lieu of horse, $90 cash to build house at Stanton, Powell County, $100 dollars cash advanced, on store at Spencer, $1,471 dollars and after the death of my daughter Mary E. Cowgill, her husband J. E. Cowgill delivered to me $800 dollars of the above amount of $800 dollars I will to my grand daughter Lida I. Letta Cowgill with 6 per cent. interest from first June, 1896, until paid to her and if she should die without having any living children her part of my estate to be divided *equally between all the balance of my heirs.* To my daughter Alice Horton I gave household furniture to amount of $25, 1 cow worth $30 dollars, 1 horse $90, cash $1,500 dollars. As I have given some of my daughters a little more than others I direct my executors to balance them up and to make them equal out of my estate. To my daughter Mattie E. Duff wish her to have out of my estate fifteen hundred $1,500 dollars or enough to make her equal with my other daughters and after the above named daughters are made equal I want the balance of my cash and personal property divided *equally between my said daughters and their heirs.* I want my house and lot in Stanton sold on County Court day to highest and best bidder. I wish the 136 acre tract

of land lying on South side of Spencer pike rented out for 10 years to highest and best bidder and the proceeds after paying taxes and keeping up repairs be paid 1-3 to my wife and balance divided equally between my daughters. Having bought I. D. Yocum interest in the farm he now lives on I will that interest and said farm to my daughter Laura Yocum said Laura Yocum not to have any share in my money or personal property until the other five daughters get $1,000 dollars in addition to what they have had when they are made equal in the foregoing at the expiration of 10 years I want the 136 acres of land lying on South side of Spencer pike sold either altogether or may be divided to suit purchasers and the money *divided equally between my six daughters until they get each with what they have already had three thousand $3,000 dollars each then I want the balance divided equally between all of my heirs including Henry Duff's children.* My mountain farm of about 160 acres if not sold before my death I want sold or divided between all my heirs as my executors think best, the part of my mountain farm known as the Johnson Tract was owned by S. A. and J. C. B. Duff. I bought Brack's part before his death and he had not made me a deed when he died the deed is in his heirs when they become of age if they will make deeds to said land to my heirs they to have their part of my estate as before stated and if they refuse to make said deed I hereby bar them from any further claim on my estate. The 200 acres where I now live at the death of my wife I want it sold either all together or in lots to suit *purchasers and proceeds divided equally between all my heirs including* Henry S. Duff's children if any of my heirs are dissatisfied with the way I have made this will and goes to law to try to break it, I hereby declare that such heir or heirs shall have no part of my estate except what they have already got. I hereby appoint W. G. Reasor and J. T. Coons, my executors.

Given under my hand this Oct. 27th, 1898.

S. A. DUFF.''

Attest: C. E. LEDFORD, H. C. LEDFORD.

S. A. Duff had had eight children, five of whom were living at the time of his death, and three were dead, leaving descendants. His executors brought this action to have the will construed and the advancements equalized. The chancellor adjudged that the children of

Henry S. Duff stood in the place of their father, and were not entitled to share in any portion of the estate devised by their grandfather until the other children and descendants of the testator were made equal proportionately to what the children of Henry Duff had already received in advancement, to-wit: The sum of $5,525.00. From that judgment this appeal is prosecuted.

The case was before this court on appeal by Henry Duff, and it was held that Henry Duff was not entitled to participate in the undevised estate of his father until the interests of the other devisees were made equal to the interest deeded and devised to Henry Duff's children. It was also held that Henry Duff was not a devisee under the will. (Duff v. Duff's Exrs., 146 Ky., 201.)

In reaching a conclusion on that branch of the case, the court said:

"For appellant it is argued that as the testator provides in two instances that certain property after the happening of certain events, shall be divided "equally between all my heirs," and in two other instances "between all my heirs, including Henry Duff's children." Henry Duff, a son of the testator, and, therefore, an heir, is necessarily included. Were these all the provisions of the will, there might be some merit in this contention. But in the very first clause of his will, the testator refers to the act that he had previously deeded to Henry Duff's heirs 136 acres of land, and then says: "It being his full share of my whole estate, except what is mentioned hereafter." The only two pieces of property he thereafter mentions in connection with Henry Duff are those which he directs in certain contingencies to be equally divided between "all my heirs, including Henry Duff's children." All these provisions considered together make the intention of the testator plain and unmistakable. In deeding the 136 acres of land to Henry Duff's children, he substituted Henry's children for Henry, and in devising his estate, he likewise intended that Henry's part should go to his children, and made a like substitution. By necessary implication, therefore, he excluded Henry from participation in the devised estate as one of his heirs."

The undevised estate of the testator is not in controversy on this appeal. His devised estate alone is in-

volved. The effect of the judgment below is to deprive appellant of any interest in the 136-acre tract of land and the 200-acre tract of land, until the other children and descendants of the testator first receive property of the value of $5,525.00. While the courts in the distribution of undevised estate are not bound by the estimate of an ancestor, placed upon property given or devised to his children, but may proceed to hear proof and fix the advancements at their actual value. (Bowles v. Winchester, 13 Bush 1) this rule does not prevail in the distribution of property devised by will. In the case of a will no question of advancement can arise in the distribution of the devised estate unless the testator indicates an intention to equalize his devisees; and even then the advancements will be charged according to the value that the testator himself places upon them. (Nelson's Exrs. v. Nelson, 7 B. Monroe, 672). Here, in the first clause of the will, the testator refers to the fact that he had previously deeded to Henry Duff's heirs 136 acres of land, and then says: "It being his full share of my whole estate except what is mentioned hereafter." Thereafter he mentions Henry Duff's children in connection with two other pieces of property, and directs that at the happening of certain events they are to have an interest therein. Thus he plainly shows that the 136 acres previously deeded to Henry Duff's heirs, was not all the property that he intended to give, and did give, to them. Nowhere in the will does the testator indicate that appellants' interest in the 136-acre and 200-acre tracts depends upon the shares of the other devisees being made equal to the value of the land previously deeded to appellants. On the contrary, there is an absolute devise of an interest in the property in controversy. When we take into consideration the fact that the will recites that the testator had previously given to his son, J. C. B. Duff, then dead, property of the value of $3,000, and thereafter directed that each of his daughters should receive property of the value of $3,000, before the others should have any interest in his estate, we think it perfectly plain that the testator himself fixed the value of the land previously deeded to appellants at $3,000, and by devising them other property in addition thereto, without mentioning the matter of equalization, clearly showed that he did not intend the land so deeded to be charged to them at a higher valuation. That

being true, the court is concluded by the value which he fixed, and has no right to distribute the devised estate upon any other basis. To do so would defeat the plain purpose of the testator, whose will declares in unmistakable terms that appellants, after the happening of certain events, shall have an interest in the 136-acre and 200-acre tracts of land.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.

Judge Winn not sitting.