## Owsley et al. v. Gilbert et al.

(Decided Feb. 25, 1936.)

H. C. CLAY and HOMER C. CLAY for appellants.

C. R. LUKER for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming on cross appeal and reversing on original appeal.

The duty to construe the will of J. G. Owsley in connection with the developed facts confronts us.

The paragraphs of his will necessary to be considered read:

"No. 2—I hereby will and bequeath to my wife, Lucy Owsley, my one-half interest in the homestead, situated near Lily, Laurel County, Kentucky, now occupied by myself, wife and parents, the other one-half being owned by my father, S. W. Owsley, same to be held by my said wife during her natural life, and in case of her death before the demise of my father and mother, said one-half interest in the homestead above mentioned is to go to and become the absolute property of my said parents for their natural life to be disposed of by them as they see fit.

"No. 3—I hereby will and bequeath to my parents, S. W. and Margaret Owsley, my tract of land consisting of 56 acres lying on Blackwater in Laurel County, Kentucky, said tract to be held and used by them in whatever manner they may choose, that is, the same can be sold by them and the proceeds therefrom used for their maintenance during their life, or the same can be rented by them and the proceeds therefrom used in a like manner, in their discretion.

"No. 4—I also will and bequeath to my parents, S. W. and Margaret Owsley, my tract of land situated in Laurel County, Kentucky, known as the Ewell tract, same to be used by them in the manner and for the purpose stated in the third paragraph above.

"No. 5—I desire and bequeath that my Bank Stock held in The National Bank of London, Kentucky, and all my personal property of whatever description shall go to and become the property of my wife, Lucy Owsley.

"No. 6—It is my desire and I expressly state that none of my property whether real, personal, or mixed, or otherwise, shall descend or be given to Dicy Magill, the said Dicy Magill having been adopted by me as my legal heir by an order and judgment of the Laurel Circuit Court in the year 1910. In other words, I by this will give absolutely no property to the said Dicy Magill and she will share nothing in the distribution of my estate, the said Dicy Magill being no longer in my custody or control, she by agreement between myself and her present guardian, James Barnett, having been turned over to him to be dealt with as he sees fit."

The facts substantially are: S. W. and Margaret Owsley, the parents of the testator, predeceased him, leaving surviving children other than the testator. In his lifetime the testator in a manner authorized and provided by sections 2071 and 2072, Kentucky Statutes, adopted Dicy Magill as an heir at law. The regularity of the adoption is not disputed. Accordingly, she is capable of inheriting his estate undevised as though she were his child.

At the death of the testator he left surviving his wife, Lucy Owsley, and his adopted daughter, Dicy Magill. After the execution and publication of his will, the testator acquired title by deed of his brothers and sisters to one-half interest in the tract of land described in the second paragraph of the will. He also acquired after the publication of his will title to certain other tracts of land which he owned at the time of his death. He also owned at the time of his death the land described in the fourth paragraph of the will. He sold and conveyed the tract mentioned in the third paragraph. The personal property bequeathed to his wife, Lucy Owsley, by the fifth paragraph, was in his possession at the time of his death, including a time certificate of deposit of $2,650, issued in the name of Virginia Gilbert and W. M. Gilbert by the Farmers' State Bank of London.

By proper pleading, the brothers and sisters of the testator and their descendants asserted title to the land

described in the fourth paragraph of the will. Dicy Magill, for an agreed consideration, conveyed to Lucy Owsley, the testator's widow, all of her interest, right, and title in the estate of the testator, both real and personal, including the land devised by the fourth paragraph. Virginia Gilbert and W. M. Gilbert in their pleading asserted title to the above certificate. As a basis of their ownership of it, they averred that the testator gave them the $2,650 "on deposit in the Farmers' State Bank to their credit, for the purpose of repaying them for services rendered in taking care of J. G. Owsley's first wife during her sickness up to and until her death and for the care and protection of their infant child up to its death sometime thereafter, and for the further consideration of their care and attention given J. G. Owsley during the period of time between the death of his first wife and his marriage to the second"; that "for the purpose of recompensing her and her husband for their services, this amount of money was deposited in the Farmers' State Bank in their name, or in her name, and they, the said Virginia Gilbert and her husband, W. M. Gilbert, are the owners of said certificate of time deposit and are entitled to the immediate possession thereof."

This pleading was traversed. On the pleadings and evidence the court decreed that the testator's debts be paid out of the personal property; Lucy Owsley was the owner of a one-half interest in a certain tract during her natural life; the fourth paragraph of the will devised to S. W. and Margaret Owsley the tract therein described, in fee, and at their death it descended to their children or their descendants; that Lucy Owsley was the owner of all the personal property of the testator, including the time certificate, subject to the payment of his debts; that Dicy Magill was the heir at law of the testator and at his death, by descent, became the owner of one undivided half interest in one tract and the owner in fee of certain other tracts, subject to the dower of Lucy Owsley, but that under her deed to Lucy Owsley, the latter was the owner of all the land which descended to Dicy Magill. The claim of Virginia Gilbert and W. M. Gilbert to the certificate of deposit of $2,650 was denied. It was adjudged to be the property of the testator at the time of his death, and that Lucy Owsley was entitled thereto under the will. The court further decreed that the

estate of the testator pay the costs of all parties to the action.

A reading of the fourth paragraph of the will is sufficient to demonstrate the error of the court in decreeing the land therein described was thereby devised to S. W. and Margaret Owsley in fee.

The fourth paragraph of the will devised to them this tract, "the same to be used by them in the manner and for the purpose stated in the third paragraph above." The third paragraph, which is thus made a part of the fourth, expressly bequeaths to them the land therein described "to be held and used by them in whatever manner they may choose; that is, the same can be sold by them and the proceeds therefrom used for their maintenance during their life, or the same can be rented by them and the proceeds therefrom used in like manner in their discretion." That the language of the third paragraph devised them only a life estate is too plain for doubt or debate. The fourth paragraph so adopting the language of the third thereby limited the estate devised therein to them for life in the tract referred to in the fourth. It is conceded that the land as to which the testator died intestate passes under the statutes of descent and distribution; but it is insisted that the sixth paragraph of the will deprives Dicy Magill of all interest in the testator's estate, whether it passed under the will or the statutes of descent and distribution.

To sustain this insistence the children of S. W. and Margaret Owsley and their descendants cite to us section 4841, Kentucky Statutes; Chenault's Guardian v. Chenault's Ex'rs, 88 Ky. 83, 11 S. W. 424; Buckler v. Supreme Council, 143 Ky. 618, 619, 136 S. W. 1006; Nance's Ex'rs v. Akers, 165 Ky. 461, 177 S. W. 235; Morison v. Meade, 204 Ky. 86, 263 S. W. 768; Dillender v. Wilson, 228 Ky. 758, 16 S. W. (2d) 173.

Section 4841 merely provides "if a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will." The above cases construe the cited section of the Statutes and are inapplicable in the pending one, since S. W. and Margar-

et Owsley were only devised a life estate in the tract described in the fourth paragraph.

They also cite Bourne v. Johns, 233 Ky. 448, 26 S. W. (2d) 13, and Tabor v. McIntire, 79 Ky. 505.

Bourne v. Johns states the rule where the language of a will is susceptible of two constructions, the one is favored which will place upon equality those devisees who are equally natural objects of the bounty of the testator. This principle is also inapplicable.

Tabor v. McIntire was overruled in Todd v. Gentry, 109 Ky. 704, 60 S. W. 639, 641, 22 Ky. Law Rep. 1319.

In Todd v. Gentry, we quoted with approval from Denn v. Gaskin, Cowp. 657, this principle:

" 'Though the intention to disinherit the heir be ever so apparent, he must, of course, inherit, unless the estate is given to somebody else; and the reason is that the law provides how a man's estate at his death shall go, unless he by his will plainly directs that it shall be disposed of differently.' This seems to be the well-settled common-law rule."

We have often ruled that a testator by his will cannot exclude an heir at law from participation in his undevised estate, and disinheritance by will can only be accomplished by devising the entire estate.

Duff v. Duff's Ex'rs, 146 Ky. 201, 142 S. W. 242; Phelps et al. v. Stoner's Adm'r, 184 Ky. 466, 212 S. W. 423; Todd v. Gentry, supra; Phillips v. Phillips, 93 Ky. 498, 20 S. W. 541, 14 Ky. Law Rep, 493; Clarkson v. Clarkson, 8 Bush, 655, 658.

As to the estate which the testator owned at the time of his death, not devised by his will, the sixth paragraph, by which he attempted to disinherit Dicy Magill, is ineffectual. The court incorrectly applied this paragraph to his undevised estate.

Virginia Gilbert and husband failed to introduce any evidence to establish their claim or title to the time certificate of $2,650. The officers of the bank deposed that Dr. Owsley caused the certificate to be issued in their names and retained possession of it with the hope and expectation that, with the bank's record showing he had no money on deposit, he would not be sued,

which he anticipated because of his connection as a stockholder of a corporation engaged in the business of buying and selling dry goods. It is conceded no delivery of the certificate of deposit was ever made to Virginia Gilbert and husband. No act or statement of Owsley establishing an intention on his part to create a trust in favor of Virginia Gilbert and husband, or of his intention to hold the same in trust for them, was proven. The established facts prove his title and ownership of the certificate of deposit and his right to its proceeds at the time of his death as against Virginia Gilbert and husband. Gilbert and wife introduced witnesses who claim they heard Dr. Owsley on different occasions, make statements as to his intention of disposing of his estate. Virginia Gilbert and husband testified that Dr. Owsley informed them he had the certificate issued in their names. Such evidence discloses no state of facts, even if their testimony were compenent establishing their right or title to the certificate of deposit on the theory of a trust or otherwise. No such facts are disclosed herein in reference to the time certificate as were developed in DeLeuil's Ex'xrs et al. v. DeLeuil, 255 Ky. 406, 74 S. W. (2d) 474.

The estate was entitled to recover its costs of Virginia Gilbert and husband incident to the issue made by their pleading as to their right to the time certificate and its proceeds. It was entitled to recover its costs of the heirs and S. W. and Margaret Owsley incurred on the issue made by them as to their right to the land or the personal property of the testator. The trial court erred in not so decreeing. Section 889, Kentucky Statutes.

The judgment is affirmed on the cross, and reversed on the original, appeal, with directions to award title to Lucy Owsley to the land described in the fourth paagraph of the will, including the land deeded to her by Dicy Magill, and a judgment for costs against Virginia Gilbert and her husband and the heirs of S. W. and Margaret Owsley and their descendants who were parties to this action, as we have indicated, and for proceedings consistent herewith.