### Deering et al. v. Skidmore et al.

March 12, 1940.

William J. Baxter, Judge.

John S. Deering for appellants.
John C. Watts for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

This appeal calls for the construction of the will of Betty Wells Skidmore, the body of which reads:

"Know all men by these presents, that I, Betty Wells Skidmore, being of sound mind and disposing memory, knowing life uncertain, do hereby make my last will and testament disposing of my worldly goods, personal property and real estate to be equally divided between my two sons, Henry Wells Skidmore and James Edmond Skidmore. Said real estate must be held by said heirs until James Edmond Skidmore becomes thirty years of age. Should either die without issue the surviving heir shall inherit said property. If both should die without issue said property reverts to my next heirs at law. My household goods and personal effects must not be offered at public sale but be divided between my children, brothers, sisters. My personal property must be used to pay any debts. After disposing of personal property and all debts are paid any remaining money or stock shall be divided equally between Henry Wells Skidmore and James Edmond Skidmore.

"Given under my hand this the 8th day of April 1930."

The devisees, Henry Wells Skidmore and James Edmond Skidmore, are the only children who were born to testatrix, and in their petition asking for a construction of the will, they made collateral kindred and heirs of testatrix parties defendant and alleged that after the death of testatrix and on October 5, 1938, James Edmond Skidmore reached the age of 30 years.

The chancellor adjudged that under the will Henry Wells Skidmore and James Edmond Skidmore took an absolute fee simple title in the land of testatrix when James Edmond Skidmore attained the age of 30 on October 5, 1938. The guardian ad litem for two of the infant defendants is appealing.

The question to be determined is whether the words "die without issue" refer to the death of the devisees at any time or whether they refer to the death of either or both of them before James Edmond Skidmore should become 30 years of age.

Section 2344, Kentucky Statutes, reads:

"Unless a different purpose be plainly expressed in the instrument, every limitation in deed or will contingent upon a person dying 'without heirs,' or 'without children' or 'issue,' or other words of like import, shall be construed a limitation to take effect when such person shall die, unless the object on which the contingency is made to depend is then living, or, if a child of his body, such child be born within ten months next thereafter."

In Atkinson v. Kern et al., 210 Ky. 824, 276 S. W 977, it is pointed out that after the enactment of the quoted section, this court overlooked the statute and following some prior cases rendered opinions apparently in conflict with the statute, but that the confusion had been clarified in Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 674, which laid down four rules for future application of the limiting words referred to in the statute, the third of which reads:

"And where, by the will, the devise is to a class, and the period of division is postponed, even where the devisees are not infants, it has been held that the limitation as to dying without issue must be confined to a death without issue before the period of division fixed by the will."

As will be seen from a reading of this will, it is self-interpretative and leaves little if any doubt concerning the intention of the testatrix. The cardinal rule is that in construing wills courts should, if possible, give effect to the intention of testatrix from the language of the will considered as a whole and it is only where there is doubt or ambiguity that aiding or collateral rules of construction will be resorted to. The will discloses that the two sons of testatrix were the primary objects of her love and bounty and that she intended that they have and enjoy all her estate, real and personal, except possibly some household effect. Clearly she meant that her two sons should enjoy her real estate jointly and there should be no division or sale until the younger became 30 years of age and intended that each of them should take an absolute one-half undivided interest therein, subject to be defeated by death without living issue before James Edmond Skidmore became 30 years of age. Atkinson v. Kern, supra, and authorities cited therein. Webster's Trustee v. Webster, 93 Ky. 632, 21 S. W. 332, 15 Ky. Law Rep. 97; Duncan et al. v. Kennedy et al., 72 Ky. 580, 9 Bush 580; Shropshire v. Gault, 83 S. W. 590, 26 Ky. Law Rep. 1197. Since both sons lived until the younger became 30 years of age, when under the will the real estate might be sold or divided by them, we unhesitatingly hold that the chancellor correctly adjudged that they now have a fee simple estate in the land of testatrix.

Judgment affirmed.