## Schiedel et al. v. Murphy's Ex'r et al.

June 22, 1945.

Cromelin, Townsend, Camalier & Kirkland and Joe G. Davis for appellants.

Chenault Huguely and H. G. Sandifer for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

Miss Mollie O. Murphy, of Danville, died on Sept. 10, 1944, survived by a number of cousins as her nearest relatives and heirs at law. She made the following will: "This is my last will.

"I want all my stocks & bonds to be equally divided among my 5 cousins mentioned below.

(Names and addresses omitted).

"I have other cousins but they don't need anything.

"The toilet set in my room to Catherine Mellon, marked with M.

"The house and contents to be sold to highest bidder and after all debts are paid remainder to go to cousins mentioned above.

"I want Mr. Henry Sandifer to see that my wishes are carried out and no mention made to any one as to what I had."

The personal estate, valued at about $140,000 consisted of a large amount of cash and securities. Other than a vacant lot, the value of her real estate is not shown.

The will was written by the testatrix, and the last sentence indicates it was prepared by herself alone and in secret.

The chancellor construed the will as devising the entire estate to the five cousins named as devisees, except the described toilet set. The other heirs prosecute this appeal, contending that the word "remainder" in the next to the last clause refers only to the balance of the proceeds of the sale of the house and contents after the payment of the testatrix' debts. The devisees contend that the judgment is right in construing the word "remainder" as carrying the entire residuary estate.

There appears here, as it frequently does, a clash between two rules for construing a will: one, the presumption of law against partial intestacy, and the other, the presumption against disinheritance. Since they are inconsistent, they must be carefully balanced against each other. One is of no greater force than the other. Page on Wills, sec. 928. Like all other rules invoked as an aid to interpretation, they both yield to the cardinal canon which requires that the will be construed according to the intention of the testator as gathered from the entire instrument.

The appellants point to the clause that testatrix'

cousins other than the five named "don't need anything", and submit the law that a mere negative provision in a will, that named heirs shall have none of the estate, cannot prevent the property from passing under the statute of descent and distribution if the testator leaves part of his estate undisposed of although he had assumed that he had disposed of all of it. But if disposition is actually made of the entire estate, the negative provision or the exclusion is, of course, superfluous and ineffectual. Todd v. Gentry, 109 Ky. 704, 60 S. W. 639; Owsley v. Gilbert, 262 Ky. 798, 91 S. W. 2d 513. The quoted clause does not undertake expressly to disinherit the appellants but explains why the testatrix was not leaving them any part of her estate. However, the expression is very potent in construing the word "remainder". Had it not been made, the construction contended for by the appellants would clearly be correct, for standing alone in the clause it runs along consistently in the sentence without punctuation or separation, and indicates the balance of the proceeds of the house and contents after the payment of the debts was given the five named devisees. It would not have embraced any other part of the estate. But the expression that the appellants did not need any of the estate is to be read in connection with every specific provision of the will.

When it is necessary to do so in order to effectuate the intention disclosed by the context of the will, the court will disregard clerical mistakes in writing, paragraphing, punctuation and grammatical inaccuracies, or the court may supply proper punctuation and reconstruct entire sentences for the purpose of clearing up any ambiguity. 69 C. J. 85; Browning v. Ashbrook's Ex'r, 175 Ky. 755, 195 S. W. 105; Ramsey v. Mahoney's Ex'r, 297 Ky. 62, 178 S. W. 2d 961. The implications of the statement that the other cousins did not need any of testatrix' estate increases the force of the presumption against partial intestacy so that it must be held to overbalance the presumption against disinherison and makes the rule applicable and controlling.

We concur in the construction of the will by the chancellor.

The judgment is affirmed.